Shippen,
 
 Justice.
 

 *
 

 The facts which the Jury must decide, are—1st. Whether a bill of lading was signed as the defendants
 
 *182
 
 contend. 2d. Whether the goods were consigned for the use of the consignee, or consignor. 3d. Whether a real debt was due from the consignor to the consignee. These being determined, the law is clear, that a consignor can stop the goods
 
 in transitu
 
 only in two cases, 1st. Where he has
 
 received no consideration
 
 ; And, 2d.
 
 Where the consignee is insolvent.
 
 If the goods were not vested in the consignee, the defence, arising from the demand of freight and indemnification, is not sustained. The captain has received his freight in
 
 Ireland,
 
 and received an indemnification from the consignee. He might have pleaded this ; and as he has not done so, the matter is left open to equitable considerations. The freight, in strictness, is due when the
 
 goods are
 
 la
 
 den
 
 and
 
 bills signed.
 
 This is a rule founded on mercantile principles, and the inconveniences of the opposite doctrine. The cause, therefore, in the opinion of the Court, depends principally, upon this fact, whether, at the time of the attachment, the property of the goods was vested in the consignor, or consignee.
 

 Verdict for the plaintiff.
 

 *
 

 The Chief Justice, being absent.