2 U.S. 230
 2 Dall. 230
 1 L.Ed. 360
 Penn's Lessee
v.
Hartman*
 Supreme Court of Pennsylvania
 September Term, 1795
 
 1
 Ejectment brought by the late proprietaries for a tract of land in the County of Northampton. On the trial it was material for the lessors of the plaintiff to shew, that a survey had been duly made and returned into the Land-Office before the 4th of July 1796, in order to establish their title to the premises, under the reservation contained in the 8th section of the act of Assembly, vesting their estates in the Commonwealth. 1 Vol. Dall. Edit. p. 822. They, accordingly, offered to give in evidence a paper, which was certified by F. Lukins, the Surveyor General, to be a true copy of the original in his office, purporting to be the return of a Survey of 12,548 acres (including the land in question) situate in the forks of the river Delaware, and containing a draught made in pursuance of a warrant, dated the 14th of November 1741: But the paper itself was not signed by any person, nor did it state by whom, or when, the draught was made, a blank being left for the day and year.
 
 
 2
 The defendant's counsel objected to the evidence. The paper is not authenticated by any signature; there is no proof that it is written in the hand-writing of any public officer; nor how long it has been deposited in the Land-Office, and it has not gone with the possession of the land, which has been uniformly in the defendant. If, indeed, it cannot be considered as an official document, but as a private paper, however ancient it may be, the original must be produced; for, a copy is not the best evidence the nature of the case admits. Every paper found in a public office is not evidence: It must be a paper, which it was the duty of the officer to receive and record.
 
 
 3
 The counsel for the lessors of the plaintiff admitted, that the paper was in some respects defective; but contended that there was no fixed rule as to the admission of evidence of this kind. In the case of private papers, it is true, that however ancient, they will not be admitted, if they are not regularly executed, unless possession has gone along with them; but in the case of office papers, it has been the invariable practice, to give all papers found in a public office, in evidence, without regard to the formalities of execution. The only question, therefore, is whether the paper, now offered, was found under such circumstances of authenticity as to render it proper evidence? It is found in the custody of a public officer; and it can be proved, that it was in the Surveyor General's office, as early as the year 1763.
 
 
 4
 By the Court: It is plain that the paper offered, is not the best evidence of which the nature of the case admits; for, if the original was produced, it might be proved to be in the hand-writing of a proper officer; or the contrary might be made to appear. We cannot, indeed, consider it as a regular office paper. The survey is not returned into the Secretary's office, as the express words of the warrant enjoins; nor does it, in any way, appear, that it was made by an authorised person. The evidence must, therefore, be rejected.
 
 
 5
 Wilcocks, E. Tilghman, Sitgreaves, for the plaintiff: Bradford, Ingersoll, Lewis and Thomas for the defendant.*
 
 
 
 *
 Tried at Easton, Nisi Prius, the 25th of June 1795, before M'Kean, Chief Justice, and Smith, Justice.
 
 
 *
 This case, and many other Ejectments depending on the same title, were afterwards settled by a compromise between the parties.