Mr. Justice SWAYNE
 

 delivered the opinion of the court.
 

 The aetion-'was ejectment. Lapsley was the plaintiff. The plaintiffs in error were the original defendants. In the progress of the cause the plaintiff' dismissed the action as to all of them except N. A. McPhaul, and judgment was rendered against him for their costs. He- recovered against McPhaul, and this writ of error is prosecuted to reverse the judgment.
 

 The writ should have been in the name of McPhaul alone as the plaintiff in error. But as the defect is clearly amendable under the third section of the act of June 1st, 1872, it is unimportant.
 

 There are numerous assignments of error. Except those involving points 'which we deem material to be considered, we shall pass them by without remark.
 

 The affidavit of Mussina was properly stricken from the files.
 

 The law of Texas provides as follows: “ Every instrument in writing (properly recorded) shall be admitted as 'evidence without the
 
 necessity of proving its execution,.provided
 
 that the party who wishes to give it in evidence shall file, the same among the papers of the suit three days before the trial and give notice to the opposite party of such filing, and
 
 unless such opposite party, or some other person for him, shall within one day after such notice
 
 file an affidavit stating that he believes such instrument to be forged.”
 
 *
 

 The affidavit was filed by Mussina as the attorney of Be la Vega. It set forth that the instrument of writing purporting to be a testimonio or second original of a power of attorney from Thomas de la Vega, by the name of Thomas Vega, to Samuel M. Williams, dated May 5th, 1882, was, as affiant verily believed,.a forgery. The testimonio was one of the' plaintiff’s files in the. ease for the purposes of evi
 
 *283
 
 deuce upon the trial. The object of the affidávit was to throw the burden of proof upon the plaintiff^
 

 He had given ffye proper notice to the defendants on the 16th of January, 1872. The affidavit was filed, not within one day thereafter, as the statute required, but on the 5th of February following, while the trial was in progress. De la Vega, in whose behalf it was' filed, was not a party to the record.
 

 It is insisted that the testimqnio was improperly admitted to record, and tbatit was not properly admitted in evidence. These objections present questions of local law.
 

 The instrument is as follows:
 

 It bears date on the 5th day of May, 1832, and sets forth that Thomas Vega, Bafael Aguerre, and José Ma. Aguerre, of the city of Leona Vicaria, appeared before Juan Gonzales, regidor of that city,- and declared that they conceded to Samuel May Williams, a resident of the city of Austin, full power, “ in order that in the names of the appearers ” he might proceed to sell .the lands therein described. , “And to confirm all that may be granted and executed, the appearers bind themselves, their persons, and their property present and to come.” It concludes, “ Thiis have they granted and signed it in presence of these witnesses, Antonio Espinosa, Bafael de Leon, and Francisco de la Fuentes, Gonzales, residents of this city.
 

 “I attest: Juan Gonzales. Thomas Vega, José Ma. Aguerre, Bafael Aguerre.”
 

 . The following memorandum was affixed:
 

 “ Copy from the original, with which it agreesj the day of its execution; given on two
 
 1
 
 useful ’ pages of paper, of the second stamp, conformable to law. All of which I, the undersigned judge, officiating with those assisting me according to law, hereby attest;
 

 “Juan Gonzales.
 

 “ Witness:
 

 Jose Nazo Ortiz,
 

 J. M. Moral.”
 

 
 *284
 
 Affidavits are annexed upon which it was recorded, in McClennau County, September' 7th, 1856, and again, September 22d, 1858; in Falls County, October 6th, 1859, and in Williamson County, October 15th, 18597 The affidavits were all sworn to in Texas. Among them are, one proving the handwriting of Gonzales and the attesting witnesses— Moral and Ortiz — and that, if living, they are residents of Saltillo, in the State of Coahuila; one-by Gonzales, made July 13th, 1857, proving that the testimonio was executed by him at the persqual request of the grantors named therein and in their presence, and that his signature thereto,' and those of Moral and Ortiz; are all genuine; that Thomas de la Vega executed a certain other power of attorney before him to S.' M. Williarhs on the 28th of April, 1832, and that “ the said Thomas de la Vega, who ¡executed this testimonio, is one and the .same person;”
 

 The testimonio here in question being a copy from the protocol, or original instrument, made .by the officer' by whom the protocol'was executed, was', in the eye of the' Spanish law and of the law of Texas, “a second original,” and of equal validity and effect with the prior one.
 
 *
 

 That-Gonzales had authority adequate to the function he performed, and that the testimonio was valid, was held by this court in
 
 Spencer
 
 v. Lapsley.
 
 †
 

 In relation to the recording of. the- instrument, our attention has been called to the following statutes of Texas: the act of the 20th of December, 1836, sections thirty-five and forty; the act of May 10th, 1838; the act of January 19th, 1839; and the act of May 12th, 1846, sections four, five, seven, eight, and nine. A careful examination of these statutes has satisfied us that the registration was authorized „by law. If there could be any doubt upon the subject it is
 
 *285
 
 removed by the Texas adjudications
 
 *
 
 upon the subject, referred to in the argument of the learned counsel for the defendant in error. A certified copy from the office, where the testimonio was recorded would, therefore, have been competent evidence. The original, with the-recorder’s indorsement, would, as. a consequence,.also have been admissible. In such cases, it would be a solecism to receive the copy and reject the original.
 

 In this ease the plaintiff offered the testimonio in evidence, and it was properly received. It would have been admissible without recording. In
 
 Martin
 
 v. Parker,
 
 †
 
 it was objected that an act of sale of real estate, not having been signed by the instrumental witnesses, was inadmissible without proof of its execution. The court replied: “We do not think the objection well taken. In
 
 McKissik
 
 v.
 
 Colquhoun,
 

 ‡
 

 Chief Justice Hemphill said: ‘The signature of a judge or alcalde acting in place of a notary, authenticated by two assisting witnesses, has all the force and effect of the signature and seal, or rubric, of a notary.’ ”
 

 The defendant offered to prove by T. I. Walker, a witness present, that in the year 1868 he went from Austin, Texas, to Saltillo, formerly Leoua Vicaria, in Couhuila, Mexico, aud there examined the books of protocols in the office of the secretary of the ayuntamiento; that he found in the book of protocols for the years. 183,2 and 1833, among others a protocol of a power of attorney,.in the Spanish language, of the date of May 5th, 1832, from José Maria Aguerre to Samuel M. Williams, giving Williams the power to sell the. land granted by the government to Thomas la Vega and Uafael and José Maria Aguerre, to wit, eleven lea'gues each; that said protocol had to it no signatures but those of Gonzales and José Maria Aguerre, and that it had no signatures
 
 *286
 
 of witnesses; that in said protocol-book, and of the date of April 28tb, 1832, he fouud an original protocol of a power of attorney, signed by José Maria de Aguirre,-or Aguerre, and Thomas de la Vega and J.uan Gonzales, with-attesting witnesses Ortiz and Moral; that this power was to Samuel M. Williams; and that in said book, from the power Of attorney of the 28th of April, 1832, to the power of the 5th of May, 1832, inclusive, there were seven leaves, and no visible evidence of any mutilation of the book; that there are no protocols of any power of attorney from either Maria de Aguirre, or Aguerre, or Thomas de la Vega, to any one, in said seven leaves, except the two named above; and that the witness had in his hands then in court photographic copies of said seven leaves, showing exactly the facts above-mentioned as to the protocol-book and the said two. powers of attorney as of record-therein.
 

 The plaintiff, objected to the admission of the evidence. The court sustained the objection and the defendant excepted.
 

 It has been shown that'the testimonio is “ a second original,” and of the same effect with the protocol.
 
 *
 
 According to an eminent Spanish authority it is full proof, unless the instrumental witnesses contradict it.
 
 †
 
 Here neither Vega, either of the Aguerres, Gonzales, Moral, nor Ortiz was produced ; nor was their absence accounted for. The bill Of exceptions states that the witness had the photographic copies in his hands in court — not that they were offered ip evidence. But perhaps it is ouly fair to construe-the bill of exceptions so as-to'give it that effect. Conceding this, the only testimony offered was that of Walker, and the two photographic copies.. It does not appear to have been suggested that this was to be followed' by any further testimony. The copies had been in the possession of Walker more than three years; yet it is not shown that the plaintiff had any notice
 
 *287
 
 of them until they were suddenly produced by the witness in. the midst of the trial. It is also significant that the agent who went on the visit of exploration to Saltillo did not claim to have discovered anything whatever adverse to the testimonio, except the state, of the protocol as it appeared of record. Nor, did the defendant, enlightened as he must have been by Walker, invoke the testimony of the keeper of the archives, or of any other person residing in the locality where'they were kept. The .plaintiff’s petition was filed in 1863. Walker’s discovery was made in 1868. The trial was in 1872. There was time between the two periods last mentioned to procure ample testimony from Saltillo and elsewhere touching the fraud and forgery charged, if they were believed to exist. The defendant was silent. The record is a blank as to any such testimony given, offered, or sugT gested, except the isolated circumstances offered to be proved by Walker and' the two photographic copies. These' are pregnant facts. Copies of the photographs are not given in the bill of exceptions; nor.are the contents of.the power to Williams, of the 28th of April, given,in whole or part. That' is stated to have had upon it the names of José Maria Aguerre and Thomas de la Yega as grantors, and of Gonzales with those of Moral and Ortiz as assisting witnesses. It is possible that the testimonio may, by the mistake of the copyist, have the daté of the latter instead of t]ie earlier instrument, or that if the fuller and better evidence, which the defendant was bound to give, had been produced, the apparent discrepancies between the two documents in question might have been explained in a manner consistent with the integrity of all concerned and the validity of the testimonio. It should at least hav.e been shown .by some one officially connected with the office, that the book seen .by .the witness was the book, and the only book there wherein the instrument could have been properly recorded, find that<there was no such protocol
 
 anywhere
 
 in that book, dr elsewhere in the office. It is also possible it was known in the office that the missing signatures had been removed by some dishonest hand.
 

 
 *288
 
 The testimony proposed to be elicited from Walker fell far short of the requisite standard. • A..party is not permitted to give secondary evidence where it presupposes better' evidence within'his reach, which he fails to produce. In Ren
 
 ner
 
 v.
 
 Bank of Columbia,
 

 *
 

 this court, speaking of such evidence, said: “Every case must depend in a great measure upon its own circumstances. The rule of evidence must be so applied' as to promote the ends of justice, and guard against fraud and iniposition.”
 

 It appears incidentally bj? the record that there has been - a great amount of litigation, extending through a long period of timé, touching the lands to which this testimonio relates. The protocol and testimonio bear date more than forty-years ago.
 

 .The record.does not show that during this-long period either of the Aguerres ever questioned the validity of the latter, or that La Vega ever assailed it by liis own sword testimony..
 

 Large and diversified interests must have grown up on the faith in its genuineness. In this case the attack upon the instrument is! not made' by either of the grantors, but vicariously by the defendant, who claimed under a distinct and hostile title which he wholly failed to establish.
 

 Under all the circumstances, we think the testimony of Walker was properly excluded.
 

 In our judgment the court was correct as to the instructions given and those refused, to which the exceptions touching that subject relate-
 

 We direct,
 
 sua sponie,
 
 the writ of error to be amended by striking from it the names of all the plaintiffs except McPhaul; and the-judgment of the Circuit-Court is
 

 Affirmed.
 

 *
 

 Section 90, act 13th May, 1846, p. 387, referred to in Hanrick v. Barton, 16 Wallace, 166.
 

 *
 

 1 Partidas, 222; Owings
 
 v.
 
 Hull, 9 Peters, 625; Mitchel
 
 v.
 
 United States, Ib. 732; Smith
 
 v.
 
 Townsend, Dallam’s Digest, 570; Herndon
 
 v.
 
 Casiano, 7 Texas, 332.
 

 †
 

 20 Howard, 274.
 

 *
 

 Guilbeau
 
 v.
 
 Mays, 15 Texas, 414; Henderson
 
 v.
 
 Pilgrim, 22 Id. 476; Secrest
 
 v.
 
 Jones, 21 Id. 183; Paschal
 
 v.
 
 Perez, 7 Id. 348; Edwards
 
 v.
 
 James, Ib. 377.
 

 †
 

 26 Texas, 260.
 

 ‡
 

 18 Id. 151.
 

 *
 

 Mitchel v. United States, 9 Peters, 732; Herndon v. Casiano, 7 Texas. 332.
 

 †
 

 4 Sala, 127, 130, 136.
 

 *
 

 9 Wheaton, 581,