# INSURANCE COMPANY OF NORTH AMERICA *v.* GUARDIOLA.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 159. Argued January 9, 1889. — Decided March 5, 1889.

Letters of a shipping agent to his principal are incompetent evidence, either in themselves, or in corroboration of the agent's testimony, of the quantity of goods shipped, against third persons.

This was an action on a policy of insurance upon a cargo of sugar shipped at Sagua in Cuba for New York. After verdict and judgment for the plaintiffs, the defendant sued out this writ of error.

*Mr. John L. Cadwalader* for plaintiff in error.

*Mr. George F. Edmunds* and *Mr. William W. Goodrich* for defendants in error.

MR. JUSTICE GRAY delivered the opinion of the court.

The principal controversy at the trial was whether the cargo shipped consisted of 531 hogsheads, or of 368 hogsheads only.

Upon this question there was much conflicting evidence, and the plaintiffs introduced a number of depositions, taken under commission at Sagua, including those of the plaintiffs themselves as to what took place at their warehouse, and those of their shipping agents as to what took place at the port some twenty miles below. Annexed to the deposition of one of the plaintiffs were letters written to them by their shipping agents, at the time of the successive shipments, stating the number of hogsheads shipped. Upon these letters being offered in evidence by the plaintiffs, the defendant objected that they were irrelevant and incompetent, and duly excepted to the ruling of the court admitting them.

It is too clear for discussion, that these letters, written to

the plaintiffs by their own agents, were no part of the transaction of shipping the sugar, but were mere reports by the agents to their principals, and were incompetent, either in themselves, or in corroboration of the testimony of the agents, to prove the facts recited in the letters, against third persons. *Freeborn* v. *Smith*, 2 Wall. 160, 176; *Dwyer* v. *Dunbar*, 5 Wall. 318; *United States* v. *Corwin*, *ante*, 381.

Upon the exceptions to other rulings we give no opinion, because they may be presented in a different aspect upon another trial. To avoid misapprehension, it may be added that, according to the rule heretofore laid down by this court, objections to copies of documents or memoranda, embodied in or annexed to the depositions, might perhaps more properly have been made by motion to suppress them before the trial, so as to afford opportunity to produce the originals, when those would be competent evidence. *York County* v. *Central Railroad*, 3 Wall. 107; *Blackburn* v. *Crawfords*, 3 Wall. 175, 191.

But the letters to the plaintiffs from their own agents were absolutely incompetent, and their admission in evidence clearly tended to prejudice the defendant with the jury. Upon this ground

*The judgment of the Circuit Court must be reversed, and the case remanded with directions to set aside the verdict and to order a new trial.*