## ARMBORST v. CINCINNATI TRACTION CO.

Circuit Court, of Appeals, Sixth Circuit.
April 5, 1928.

No. 4961.

1. Evidence ⬅317(1)—Testimony of superintendent that motormen denied that accident occurred held hearsay, and its admission prejudcial error.

In action for injuries to passenger alighting from street car, testimony of defendant's superintendent that he questioned motormen operating cars near time of injury and each individually denied that he had such accident held hearsay, and its admission ·prejudicial error.

2. Jury ⬅131(5)—Question to jurors on voir dire whether any were stockholders in traction or steam railroad company was allowable in action against street railway for injuries.

In action against street railroad company by passenger for injuries, general question to jurors on their voir dire, whether any of them were stockholders in any traction or steam railroad company, should have been permitted.

3. Evidence ⬅121(12)—Statement by stranger to street car passenger immediately after falling when alighting held admissible as part of res gestæ.

In action for injuries to passenger alighting from street car, plaintiff's testimony that, while she was lying on ground, man picked her up and said, "You were throwed off that street car," held admissible as part of the res gestæ.

4. Trial ⬅193(1)—Trial judge in federal court may express opinion and advise jury as to his conclusions, provided jury is told that they are not bound thereby.

In federal courts, trial judge may express his opinion on facts of case and advise jury regarding their conclusions thereon, provided jury is given unequivocally to understand that it is not bound by the judge's expressed opinion, and subject to the further limitation that the charge remain on the whole impartial, dispassionate, and judicial, and not argumentative to a degree which makes it characteristically an act of advocacy.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Action by Esther Armborst against the Cincinnati Traction Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Murray Seasongood, of Cincinnati, Ohio (Clair McTurnan, of Indianapolis, Ind., Paxton & Seasongood, of Cincinnati, Ohio, and McTurnan & Higgins, of Indianapolis, Ind., on the brief), for plaintiff in error.

Leo J. Brumleve, Jr., of Cincinnati, Ohio, for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. This writ is brought to review a judgment for defendant in an action for ·personal injuries alleged to have been suffered by plaintiff while a passenger upon defendant's street car line. The assignments presented relate to the admission and rejection of evidence, the charge of the court, and the questioning of the jurors upon their voir dire.

1. Plaintiff testified that the car stopped at the intersection of Twelfth and Walnut

streets, that the motorman opened the door, and she stepped her right foot down on the first step, and that, as she had her left foot in the air ready to alight, the car started suddenly with a jerk, while the car door was still open, and threw her to the ground, causing the injuries complained of. Defendant denied that any such thing occurred, and contended that, if plaintiff fell in connection with her leaving the car, it must have been by slipping after she had landed, and not through the negligence of the defendant. Plaintiff was a resident of Indianapolis. The date of the accident was given as January 12, 1925; the time about 3:30 to 3:45 p. m.

[1] Defendant introduced the testimony of nine motormen whose cars were due at the intersection in question between 2:42 and 3:45 p. m. on January 12th, each of whom testified that the alleged accident did not occur. Before presenting this testimony, however, defendant introduced the testimony of the superintendent of the division, to the effect that he was detailed to see the men individually and inquire of them the particulars of the accident. He was permitted, against plaintiff's objection, to testify that he brought each motorman individually to his (the superintendent's) private office, so that none would see or hear what it was until he had spoken to them, that he left each one to believe that "I thought he had such an accident," and that each one "told me positively that he had no such accident." This testimony was taken subject to the objection that it was hearsay. In our opinion the testimony in question was hearsay, objectionable, and prejudicial. Insurance Co. v. Guardiola, 129 U. S. 642, 9 S. Ct. 425, 32 L. Ed. 802; Vicksburg, etc., Railroad v. O'Brien, 119 U. S. 99, 101, et seq., 7 S. Ct. 118, 30 L. Ed. 299; Harper v. Harper (C. C. A. 4) 252 F. 39, 42. It may well be that the error in admitting hearsay will often be cured if the declarant thereafter testifies to the same thing and is cross-examined; but, in the setting shown by this record, its natural effect was improperly to bolster up the testimony and credibility of the motormen whose testimony immediately followed. We cannot agree with the court's statement, made in denying the motion to rule out, that the criticized testimony "was not in the remotest degree hearsay evidence, for it is not offered to prove that no such accident took place, but that no discovery was possible of the facts."[1]

Not only does it not specifically appear that the purpose of the offer was as stated by the court, but a showing that no discovery of the facts was possible was, at the best, merely incidental. The primary question was all the time whether the accident happened as claimed by plaintiff. Because of the error in admitting the testimony of the superintendent, the judgment of the District Court must be reversed. As the case must be tried again, we may properly consider certain features of the trial already had which seem likely to arise on the new trial, and without necessary reference whether, as to any of them, the record before us is such as to require reversal.

[2] 2. In examining the jurors on their voir dire, plaintiff's counsel suggested that the general question be asked whether any of the jurors were stockholders "in any traction or steam railroad company." The request was denied. We think it should have been granted. The question was not, as the court seems to have thought, the private affair of the jurors, nor was inquiry asked into their investments other than as stated. Presumably the information was desired for the proper purpose of testing the qualifications and admissibility of the jurors, to enable an intelligent exercise of the right of at least peremptory challenge. This court has recognized the value of such right by saying that perhaps the most effective means of securing an impartial jury is "through an intelligent and legitimate exercise of the right of challenge, both peremptory and for cause." New Ætna Co. v. Hatt, 231 F. 611, 619.

[3] 3. The plaintiff testified that, as she was lying on the ground, some man ran out into the street and picked her up, saying, "Lady, you are hurt; you were throwed off that car." The statement was stricken out as not part of the res gestæ, and notwithstanding the further statement of plaintiff that the man's remark was made (as it seemed to her) almost immediately after she was thrown from the car; and the offer to show by plaintiff that the man said she had been thrown by the starting of the car as she was getting off. The man in question was not produced or identified. He seems to have been a stranger to plaintiff, except as he gave his name as "Hughes" or "Haynes." We think the testimony was admissible. It was later admitted "for what it may be worth." Res gestæ testimony has a respectable standing and a useful purpose. Peirce v. Van Dusen (C. C. A. 6) 78 F. 693, 707, 69 L. R. A. 705; Ætna Insurance Co. v. Licking Valley Co. (C. C. A. 6) 19 F.(2d) 177, 179, 180, and

---

[1] The record shows that the quizzing of the motormen occurred some time in May—nearly, if not quite, four months after plaintiff's accident, general notice of which had been given defendant about February 23rd.

cases cited; Chicago, M. & St. P. Ry. Co. v. Chamberlain (C. C. A. 9) 253 F. 429, 430; Standard Oil Co. v. Johnson (C. C. A. 1) 299 F. 93, 97.

[4] 4. Plaintiff criticizes the court's charge as unduly argumentative in defendant's favor. In the federal courts the trial judge has the right to express his opinion on the facts of the case, and to advise the jury regarding their conclusions thereon, provided the jury is given unequivocally to understand that it is not bound by the judge's expressed opinion. Sandals v. United States (C. C. A. 6) 213 F. 569, 573, et seq.; Shea v. United States (C. C. A. 6) 251 F. 440, 445, et seq., and cases cited. This right is subject to the further limitation that the charge remain on the whole impartial, dispassionate, and judicial, and not argumentative to a degree which makes it characteristically an act of advocacy. Wallace v. United States (C. C. A. 6) 291 F. 972, 973. It is not always easy to locate the line between proper and undue argumentativeness. In this case it does not seem to us so likely that the questions in this record, with their applications thereto, will arise upon a new trial, as to call for their discussion and determination in this opinion. Nor have we found it necessary to discuss every criticism otherwise made upon the proceedings below.

For the error in the admission of the testimony of the defendant's superintendent already discussed, the judgment of the District Court is reversed, and the record remanded, with directions to award a new trial.