Paul NOURSE, Executor of the Estate of
Elizabeth C. Nourse, Deceased,
Plaintiff,

v.

R. A. RIDDELL, District Director of Internal Revenue, Defendant.

No. 17209.

United States District Court
S. D. California, Central Division.

Aug. 22, 1956.

Musick, Peeler & Garrett, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Southern Dist. of California, Los Angeles, Cal., Edward R. McHale and Robert H. Wyshak, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

HALL, District Judge.

Elizabeth C. Nourse died on February 9, 1951. Her executor filed an estate tax return showing no tax due. The Commissioner of Internal Revenue, nevertheless, assessed a tax which, together with interest, amounted to approximately $20,000 on the basis that her estate should have included a valuation for property transferred by her in trust in

1937. The tax was paid by the executor under protest, claim for refund was filed, and not being granted, this suit followed.

In 1937 Elizabeth Nourse, feeling that her income was not sufficient to support her, entered into an arrangement with her two adult children, Paul and Virginia, whereby a trust was created with the income to Elizabeth for life, and the remainder to Paul and Virginia in equal shares on her death.

In accordance with that arrangement, property was transferred by the three of them to a third party Trustee, and a declaration of trust to that general effect was executed and carried out until her death 13 years and 8 months later. She was 72 years of age at the time of the creation of the trust.

The parties have stipulated that the value of the property so transferred by Elizabeth was $164,513.79 on the date of the creation of the trust, and by Paul and Virginia together $283,142.80 on the date of the creation of the trust, of which each contributed one-half. The source of the property to them is immaterial. They also stipulated that four per cent per annum may be considered as the income of the trust instead of the actual income.

The issue as to whether or not any inheritance tax is payable by the estate of Elizabeth on the corpus of the 1937 trust which passed to her children on her death in 1951, turns on whether or not the transfer by her in 1937 of the $164,513.79 worth of property to the trust was a "bona fide sale for an adequate and full consideration in money or money's worth." Section 811(c) (1), Int.Rev. Code 1939, 26 U.S.C.A. § 811(c) (1).

Stated as simply as possible, the thing she transferred to the children by the trust in 1937 was the right to receive property then worth $164,513.79 on her death. The thing the children transferred to her by the trust in 1937 was the right to receive the income for her life from property worth $283,142.80. The question of fact is one of value. It is whether or not she transferred more than she got, i. e., was the value of the property, which in 1937 she transferred to the children upon her death, greater than the value of the income during her life on the property the children transferred to the trust for her lifetime. The Commissioner held that it was. He based his ruling upon the value assigned to the worth of a dollar at four per cent in the Tables of the Regulations promulgated by the Commissioner of Internal Revenue and in force on the date of her death. [26 C.F.R. 1944, Comm.Supp. Book 5, Part 1, p. 6858, et seq., Sec. 81.10]. These Tables are in turn based upon the "Combined Experience Tables of Mortality" under which the life expectancy of Elizabeth Nourse at the time of the creation of the trust in 1937 was approximately seven years. The Commissioner disregarded the fact that she actually lived 13 years 8 months and some days.

The United States Attorney contends that the Tables set forth in the Regulation are binding as a matter of law, and that this Court is obliged to accept the valuation of the Commissioner based upon the life expectancy of Elizabeth in 1937 of seven years if the multiples of the worth of a dollar are correctly calculated by the Commissioner. There is no question but what the calculations made by the Commissioner are in accordance with the Tables set forth in the Regulations.

The plaintiff contends that such Tables do not have the binding force and effect of law, and if applicable, are at best evidentiary in nature. The plaintiff is correct in this contention.

Value is a question of fact to be determined from a consideration of all of the facts and circumstances in each case. United States v. Provident Trust Co., 1933, 291 U.S. 272, at page 286, 54 S.Ct. 389, 78 L.Ed. 793. The principle is recognized in the Treasury Regulation concerning valuation of estates, Section 81.10(a), Regulation 105, which states, inter alia, "All relevant facts and elements of value as of the applicable valuation date shall be considered in every case."

Mortality tables, as well as values and rates of return based on them, even though included in the Regulations, are evidentiary and have been uniformly recognized as such by the Tax Court. Raymond v. C. I. R., 40 B.T.A. 244, affirmed, 7 Cir., 1940, 114 F.2d 140, certiorari denied 311 U.S. 710, 61 S.Ct. 319, 85 L. Ed. 462. In Estate of Denbigh, 1946, 7 T.C. 387, the Tax Court said that "* * * such tables are only evidentiary and they need not be controlling." There, the Commissioner valued an annuity contract on the assumption of the life expectancy of about 16 years, based on the same tables relied on here. The Tax Court refused to accept that computation and held that the actual length of life of one and one-half years was controlling. In Estate of Jennings, 1948, 10 T.C. 323, 327, the Tax Court expressly approved the doctrine of the Denbigh case, supra, and followed it. Both Denbigh and Jennings were approved and followed in In re Huntington Nat'l Bank of Columbus, Ohio, 1949, 13 T.C. 760, 770. In Hanley v. United States, 1945, 63 F.Supp. 73, 105 Ct.Cl. 638, the court held that actual income from trust property controlled over the four per cent rate prescribed in the Regulations. See also: Koshland's Estate v. Commissioner, 9 Cir., 1949, 177 F.2d 851.

█ In Clifton v. United States, 1846, 4 How. 242, at page 247, 11 L.Ed. 957, it was stated: "One of the general rules

of evidence, of universal application, is, that the best evidence of disputed facts must be produced which the nature of the case will admit."

Judge Mathes of this court in recently commenting on the rule had the following to say in United States v. Certain Parcels of Land, D.C., 15 F.R.D. 224, at page 230:

"The trial of any cause, criminal or civil, is an orderly quest for truth. The age-old policy of our common-law system of justice has been to insist that only the best evidence available be employed in that quest.

"As Sir William Blackstone clearly expressed it, 'the one general rule that runs through all the doctrine of trials is this, that the best evidence the nature of the case will admit of shall always be required, if possible to be had; but, if not possible, then the best evidence that can be had shall be allowed.' (3 Bl.Comm. *368)." [1]

In Raymond v. C. I. R., supra, the court said with reference to the "Actuaries or Combined Experience Table of Mortality," upon which the Commissioner relied here, that it was a "table prepared in Great Britain in 1843 from experience data which have long since been regarded in this country as obsolete." To expect this court to accept such a ta-

[1]. See also: Williams v. Craig, 1 Dall. 313, 315, 1 L.Ed. 153; Keely v. Ord, 1 Dall. 310, 1 L.Ed. 151; Wood v. Roach, 2 Dall. 180, 1 L.Ed. 340; Penn's Lessee v. Hartman, 2 Dall. 230, 1 L.Ed. 360; Church v. Hubbart, 2 Cranch 187, 236, 2 L.Ed. 249; Cooke v. Woodrow, 5 Cranch 13, 14, 3 L.Ed. 22; The New York, 3 Wheat. 59, 65, 4 L.Ed. 333; Riggs v. Tayloe, 9 Wheat. 483, 6 L.Ed. 140; Sebree v. Dorr, 9 Wheat. 558, 6 L. Ed. 160; Brooks v. Marbury, 11 Wheat. 78, 79, 6 L.Ed. 423; Tayloe v. Riggs, 1 Pet. 591, 7 L.Ed. 275; United States v. Reyburn, 6 Pet. 352, 8 L.Ed. 424; Minor v. Tillotson, 7 Pet. 99, 8 L.Ed. 621; Morris v. Harmer, 7 Pet. 554, 561, 8 L.Ed. 781; United States v. Laub, 12 Pet. 1, 9 L.Ed. 977; Clifton v. United States, 4 How. 242, 247, 11 L.Ed. 957; De Lane v. Moore, 14 How. 253, 263, 14 L.Ed. 409; United States v. Sutter, 21 How. 170, 175, 16 L.Ed. 119; Simpson & Co. v. Dall, 3 Wall. 460, 474, 18 L.Ed. 265; Peralta v. United States, 3 Wall. 434, 440, 18 L.Ed. 221; Dwyer v. Dunbar, 5 Wall. 318, 18 L.Ed. 489; Gardner v. Collector, 6 Wall. 499, 508, 18 L.Ed. 890; Insurance Co. v. Weide, 9 Wall. 677, 680, 19 L.Ed. 810; Insurance Companies v. Weides, 14 Wall. 375, 380, 20 L.Ed. 894; Stitt v. Huidekoper, 17 Wall. 384, 21 L.Ed. 644; Cornett v. Williams, 20 Wall. 226, 22 L.Ed. 254; McPhaul v. Lapsley, 20 Wall. 264, 288, 22 L.Ed. 344; Stebbins v. Duncan, 108 U.S. 32, 43, 2 S.Ct. 213, 27 L.Ed. 641; Insurance Co. of North America v. Guardiola, 129 U.S. 642, 9 S.Ct. 425, 32 L.Ed. 802.

ble as binding in fact, is to expect this court to ignore the increased average longevity of people, a fact known to every school boy. Even the Internal Revenue Bureau has at last recognized the obsolescence of that table, and are proposing a new one under which a female 72 years of age has a life expectancy of 13.8 years as against the 7 years allowed in the 1843 tables.

■ Mortality tables are opinion evidence at best. Lacking better evidence concerning the length of a person's life, they might be sufficient upon which to base a tax. For instance, in determining whether or not a gift tax would be due under a transfer retaining income for life, the application of such opinion evidence may be the best evidence available to determine the probable length of life of a person still living. But where better evidence is at hand, the courts will accept it, as was done in Estate of Denbigh, supra.[2] It is easily possible that a gift tax may be payable at the time of the creation of a trust but that no estate tax be payable on a death terminating the trust.

But, the court is not required in this case to depend upon the Mortality Tables or the opinions of actuaries and experts to determine the length of the life of Elizabeth Nourse from the time of the execution of the trust in 1937. It has the benefit of the facts as they occurred. She lived 13 years 8 months and some days. No better evidence of the life expectancy of a person on a given date can be had than the actual length of time that person lived after that date.

If the Mortality Tables contained in the Regulation were given the force and effect of law, they would then be subject to the challenge of invalidity in their entirety as an effort to create a conclusive presumption on a question of fact without the right of trial, and thus without compliance with procedural due process. It is not necessary to reach that question here.

■ From the evidence in the case, there is no question but that, based on 13 years and 8 months as the life of Elizabeth, the consideration received by her was greater than the consideration given by her, and there was in fact an adequate and full consideration in money and money's worth for the transfer made by her.

■ Some point is made that, Elizabeth Nourse having filed a donor's gift tax return, and Paul and Virginia each having filed a donee's gift tax return in 1937, all the parties are estopped or precluded from asserting now that the value received by Elizabeth was greater than the value given by her. These returns at best must be considered as admissions against interest. But they lose their probative value as against the plaintiff in this case in light of the fact that almost immediately after filing the returns, a contest was initiated upon the contention that there had in fact been no gift. The contest was not settled by adjudication, but by a compromise agreement and the payment of a small tax.

Other points were raised by plaintiff's counsel, but it is unnecessary to decide them as plaintiff is entitled to recover for the foregoing reasons.

Judgment will be for the plaintiff who will prepare Findings, Conclusions and Judgment under the Rules. The Court has refrained from making any precise mathematical calculations, and counsel

2. Sinclair Refining Co. v. Jenkins Petroleum Process Co., decided in 1933, 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, was a patent case. But the rule concerning opinion evidence is no different in such case than in a tax case. In that case the court stated, 289 U.S. at page 698, 53 S.Ct. at page 739: "At times the only evidence available may be that supplied by testimony of experts. * * * But a different situation is presented if years have gone by before the evidence is offered. Experiences are available to correct uncertain prophecy. Here is a book of wisdom that courts may not neglect. We find no rule of law that sets a clasp upon its pages, and forbids us to look within. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647, does not commit us to a different holding."

may do so in the Findings if deemed advisable.

At the time of trial it was indicated that plaintiff would desire to put on testimony concerning the value of attorney's fees in the event judgment went for the plaintiff. The parties may stipulate as to when such testimony may be produced, or if not, the prevailing party may file a Notice of motion and set it for hearing on any law and motion date.