JOHN D. PARSONS *et al.*, Respondents, *v.* JOHN H. RAMSEY, Appellant.

*Supreme Court, Third Department, General Term, September 21, 1889.*

*Evidence. Letters.*—A letter, written by a third person to plaintiffs' attorney, is inadmissible against defendant, unless he has admitted the truth of its statements.

Appeal from a judgment entered in favor of the plaintiffs in the county court of Albany county against the defendants.

Action for work, labor and services. Answer, denial that plaintiffs performed such work and services, and that plaintiffs have been paid for all work done for the defendant.

The evidence was conflicting as to whether the defendant ordered the work done. Plaintiffs' attorney testified that he presented the bill to the defendant; that defendant asked him to write to Mr. Tremain (whom he claims ordered the work), and tell him what it was for, and ask him to pay it, that he did so write, and that he received a reply from Mr. Tremain which is set forth in the opinion.

*J. H. Clute*, for appellant.

*F. E. Wadhams*, for respondents.

INGALLS, J.—This action was brought by the plaintiffs to recover of the defendant the sum of $146.50 for printing certain matter contained in the following bill:

Hon. J. H. RAMSEY, To Weed, Parsons & Co., Dr., 39 and 41 Columbia street (near Broadway), Book & Job Printers, Publishers, etc.

| 1881, March 12. | Printing 100 copies bill relating to canal towing, two pages ... | $4 00 |
| | Printing 5,000 speeches of Hon. W. W. Astor and Hon. Dolphus S. Lynde, twelve pages. | 80 00 |
| | Composition on speech of Hon. W. W. Astor for Journal and Argus. . . . . . . . . . . . . | 9 00 |
| | Printing 100 copies Senator Astor's speech separately. . . | 2 50 |
| | Printing 250 circular, anti-monoply, one page. . . . . . . . . | 2 50 |
| 16. | Printing 800 circular, anti-monopoly, one page. . . . . . . . | 3 50 |
| 18. | Printing 5,000 copies speeches of Senators, Astor and Lynde, on Canals, twelve pages. . . . . . | 45 00 |
| | | $146 50 |

The plaintiffs claimed, at the trial in the county court, that such printing was done at the instance of the defendant, who promised to pay therefor. Evidence was produced in support of the plaintiffs' theory, and the defendant was examined as a witness on his own behalf, and positively denied that he requested the plaintiffs to perform the work, or that he promised to pay therefor. There was a direct conflict in the evidence upon the main question involved. The plaintiff was allowed against the objection of the defendant to read in evidence the letter of H. E. Tremain, which was addressed to Mr. Frederick E. Wadhams, the plaintiffs' attorney, which was dated July 8, 1886, which was an answer to a letter addressed to Mr. Tremain by Mr. Wadhams, in relation to the plaintiffs' claim for such printing and as to the defendant's liability therefor. The letter objected to is contained in the printed case, and is as follows:

" HENRY EDWIN TREMAIN.
   MASON W. TYLER.

" Law Offices of TREMAIN & TYLER, ⎫
            167  Broadway.                     ⎬
      NEW YORK, July 8, 1886.        ⎭

" Frederick E. Wadhams, Esq., Albany, N. Y.:

" DEAR SIR—Absence from the city has delayed this
reply to your note of June 29th.   I am quite sure that I did
not personally incur or permit myself directly or indirectly
to become responsible for any unpaid printing bills in the
matter you mention.   My relation to the subject you men-
tion was purely advisory and under the direction of Mr.
Ramsey.   I remember co-operating with him and with the
private secretary of Mr. Astor in correcting for prompt cir-
culation the proofs of Mr. Astor's speech.   If I had had any
idea that this printing had not been ordered by some one
else than myself I should have paid further attention to the
matter, such as ordering or receiving the stated number of
copies and insuring the payment of the bill.   My recollec-
tion that I had nothing to do with incurring this bill, and
was not even indirectly charged with the duty of seeing that
it was paid, is confirmed by the circumstance that I never
knew there was any printing bill incurred, while I was pro-
fessionally employed in the matter, that remained unpaid
until a few weeks ago when Mr. Parsons in his store called
it to my attention.   My recollection is further confirmed by
learning, as I then learned, that there were other items in
the bill (such as printing speeches of others) which I never
knew were printed until the printed copies were distributed,
and in the proofs of which I never was consulted.   Irrespec-
tive of any question of liability, had I known of any unpaid
bills of this character, in the summer of 1881 I should have
exerted myself actively to have insured their payment.   I
cannot undertake, however, to shoulder a loss the result of
inadvertence on the part either of Mr. Ramsey or my client,

particularly at this late day when I would be without any means to recoup my loss if I should assume it. Had I known of this unpaid bill in season, I should have done my best to have it paid. Even since the failure of my client, had I personally incurred it, I should pay it. I do not think Mr. Ramsey's recollection will be found to differ from mine, or that he will say, under any circumstances, that I should pay this bill, even though not liable. I did not have an opportunity to see Mr. Ramsey after Mr. Parsons mentioned the matter to me this spring, so you are at liberty, if you choose, to show him this letter.

"Yours truly,<br>
"H. E. TREMAIN.

"P. S.—I had supposed that Mr. Crane, not Mr. Ramsey, ordered the printing."

The statements contained in the letter are clearly material as bearing upon the principal question involved in the controversy, viz., whether the defendant procured the work to be done by the plaintiffs, and promised to pay therefor? The letter was well calculated to prejudice the defendant's case with the jury, and it doubtless had that effect. The letter amounted merely to the unverified statement of Mr. Tremain, and we are not able to gather from the case, or elsewhere to discover any substantial ground which justified its reception as evidence. The counsel for the defendant not only objected to its admission, but moved to strike it out after it was received and excepted to the ruling of the court in admitting it as evidence, and in refusing to strike it out. We do not discover that the defendant admitted the truth of the material statements contained in the letter, or that any sufficient foundation was laid for the admission of the letter as evidence. This error seems to us so clearly fatal to the recovery that it becomes unnecessary to consider any other question raised upon this appeal.

The judgment must be reversed, and a new trial ordered, with costs to abide the event of the action.

LEARNED, P. J., and LANDON, J., concur.