## FREIDE v. WEISSENTHANNER.

(City Court of New York, General Term.  April 20, 1899.)

1. COUNTERCLAIM—ACCOUNT NOT DUE.
    A defendant is not entitled to a judgment on a counterclaim on an account in his favor that was not due at the commencement of the suit.
2. SAME—REBUTTAL—EVIDENCE.
    It is error not to permit plaintiff to refute defendant's evidence in support of a counterclaim.
3. CONTRACT OF EMPLOYMENT—BREACH—ENGAGEMENT IN OTHER BUSINESS.
    An employer has no right, as a matter of law, to discharge his employé for engaging in business other than that for which he was employed, where the contract of employment does not forbid his so doing, and the employer is not injured thereby.

Appeal from trial term.

Action by Marcus Sergey Freide against Achille Weissenthanner on a contract of employment.  From a judgment for defendant and an order denying a motion for new trial, plaintiff appeals.  Reversed.  For former opinion, see 56 N. Y. Supp. 399.

Argued before McCARTHY and HASCALL, JJ.

Benj. Tuska, for appellant.
Ira Leo Bamberger, for respondent.

McCARTHY, J.   The appeal in this case brings up for review a judgment entered upon a verdict in favor of defendant for $901.07 upon a counterclaim, and an order denying plaintiff's motion for a new trial.  We think the judgment and order should be reversed. The amount found by the jury on defendant's counterclaim was not all due at the time of commencement of suit.  Evidence was permitted on grounds not pleaded; and the Heinz letter was, we think, improperly admitted in evidence.  Parsons v. Ramsey (Sup.) 7 N. Y. Supp. 93; Frank v. Brewer, Id. 182.  We think, also, that it was error not to permit plaintiff to refute evidence introduced in support of defendant's case; for conditions and developments of the case had then cast the burden upon defendant as to items of counterclaim, and plaintiff was entitled to defend against them, and to show the falsity, if he could, of defendant's prima facie proofs. Plaintiff's rights were duly reserved by timely objections and exceptions, and he has other available exceptions which we need not pause to discuss.

We think the charge of the learned court below contained elements of error that might have misled the jury, and which plaintiff deserves to be relieved against.  The proposition at folio 364 was clearly misleading to the jury, besides being error in law.  It was clearly immaterial whether plaintiff engaged in other business, unless it was done to defendant's detriment, or was prohibited by the contract.  Many men in the active ways of commerce in these days do supervise or attend to several kinds of business, in different relationships, and attend to them successfully.  So that the mere fact of engaging in other business to that or any extent would not, per se, actually embarrass or prejudice defendant; and, unless

he suffered thereby, or the agreement prohibited it, it was error to charge, as matter of law, that defendant had the right to discharge plaintiff from his employ. The corrective observation that succeeds the charge, with statement of belief of the court, may be said to have cured the error that preceded; but we think that the statement in the first part of the folio may have taken root in the jurors' minds, and contributed to the verdict against defendant. And the charge, while eminently proper as to an abstraction coupled with a condition, is yet quite immaterial, since no defense, upon such allegation, is raised by the pleadings. This was, to say the least, erroneously burdening the plaintiff's case, and might readily have carried to the minds of the jury the conviction that such facts were not only properly pleaded, but also competently proven.

Judgment and order appealed from reversed, and new trial ordered, with costs to appellant to abide the event.

HASCALL, J., concurs.