GEORGE W. ROCKLINE et al., Copartners under the Name of W. T. HORN & Co., Respondents, *v.* OSCAR L. RICHARD et al., Copartners under the Firm Name of C. B. RICHARD & Co., et al., Defendants, and THOMAS P. MCKENNA, Appellant.

(Argued June 11, 1929; decided July 11, 1929.)

*Gustave B. Garfield* and *Maurice V. Seligson* for appellant. There is no legal proof in the record that the steamer *Albistan* ever sailed for or arrived at Havana. The only item as to damage concerning which the jury was permitted to speculate, was the length of time that the *Albistan* was delayed at Havana awaiting a cargo. This proof rests solely upon the cables from the master of the vessel to the plaintiffs, received in evidence over the objection and exception of the defendants that the said cables were hearsay. The reception of these cables in evidence was reversible error. (*Ins. Co. of North America* v. *Guardiola*, 129 U. S. 642; *McClure* v. *Middletown Trust Co.*, 95 Conn. 159; *Inman* v. *Dudley*, 146 Fed. Rep. 455; *Consolidated Grocery* v. *Hammond*, 175 Fed. Rep. 646; *Zinsmeister* v. *Rhode Island Canning Co.*, 145 Ky. 29; *Varley* v. *Ostheimer*, 159 Fed. Rep. 655.)

*Albert Lavenburg* and *Arthur Lavenburg* for respondents. The admission in evidence of the cables was clearly proper. (*Dodge* v. *Weill*, 158 N. Y. 346; *Justice* v. *Lang*, 52 N. Y. 323; *Insurance Co.* v. *Weide*, 78 U. S. 438; *Slater* v. *Jewett*, 85 N. Y. 62; *Hunter* v. *N. Y. R. R. Co.*, 116 N. Y. 615; *Campbell* v. *Willis*, 290 Fed. Rep. 271; *Oregon S. S. Co.* v. *Otis*, 100 N. Y. 446; *Robertson* v. *National S. S. Co.*, 139 N. Y. 416; *First Nat. Bank* v. *Blackman*, 223 App. Div. 155; *Matter of Fricke's Will*, 202 N. Y. Supp. 908; *Gibbons* v. *Perkins*, 230 N. Y. Supp. 237; *Utica National Bank* v. *Nickel*, 128 Misc. Rep. 614; *Swain* v. *Schieffelin*, 134 N. Y. 471; *People* v. *Campanaro*, 223 App. Div. 248; *U. S. T. Co.* v. *O'Brien*, 143 N. Y. 284; *Trimboli* v. *Kinkel*, 226 N. Y. 147.)

HUBBS, J. The plaintiff has recovered a judgment against the defendant McKenna for damages growing out of the delaying of plaintiff's boat *Albistan* at Havana, Cuba, because of the failure to furnish it with a cargo of sugar in accordance with an agreement previously entered

into. Several questions are raised upon this appeal which are alleged by the appellant to constitute error requiring a reversal of the judgment. Our examination of those questions has led to the conclusion that a fair question of fact was presented which justified the jury in finding in favor of the plaintiff, and we would be content to affirm the judgment without opinion if competent evidence had been presented as to the damage caused by the delaying of the boat at Havana. No witness was called who testified when the boat reached Havana or when it left. The only evidence offered by the plaintiff upon that question consisted of certain cablegrams received by plaintiff from the captain of the boat. No preliminary evidence was offered as to the sending of the cablegrams and nothing appears in the record sustaining the damages awarded by the jury except the copies of the cablegrams which were introduced by the plaintiff over the objection and exception of the defendant.

Those cablegrams consisted of reports rendered by the master of the ship *Albistan* to Horn & Company, his principal. They purport to give the date of the arrival of the ship at Havana, and to indicate that the ship remained at Havana without instructions until September 7th, at which time the last cablegram is supposed to have been sent. The cablegram bearing date that day indicates that the ship was then being loaded.

If it could be held that the cablegrams were properly admitted in evidence and that from them the jury could properly have found that they established the presence of the ship at Havana during the period from August 19th to September 7th, there is nothing in the cablegrams to indicate that the ship did not commence loading on August 30th, or at some time subsequent to that date and prior to September 7th. To that extent, at least, the proof would fail to establish the damage found against the defendant, because the verdict is based upon a delay from August 19th to September 7th, exclusive of Sundays.

Plaintiff contends that the cablegrams are competent in view of the fact that plaintiff's proof shows that information as to the receipt of the cablegrams was conveyed to the defendant McKenna, that there is no evidence contradicting the presumption that the cablegrams were sent, and that there is no evidence that the master of the *Albistan* was elsewhere with his vessel during that time or that he was at that time sending untruthful cablegrams. It further contends that the court was entitled to take judicial notice of the fact that reports of masters of vessels are sent to their principals by cablegram. The plaintiff relies upon *Oregon S. S. Co.* v. *Otis* (100 N. Y. 446) and *Campbell* v. *Willis* (290 Fed. Rep. 271) as authority for the admission of the cablegrams. In *Oregon S. S. Co.* v. *Otis* the telegrams admitted in evidence were sent by the defendant to the plaintiff, and constituted admissions by defendant. The court points out with great particularity the corroborating evidence as to the sending of the telegrams contained in letters written by the defendant and put in evidence by plaintiff. That there must be either proof of the sending of a letter or other message, or evidence as to the destruction of the original, was recognized by the court in that case, when it said: " While the transcript delivered to the person addressed is for some purposes, as between him and the sender, deemed the original, it never can be so without competent proof that the alleged sender did actually send, or authorize to be sent, the dispatches in question. The primary and original evidence of that fact would be the telegram itself in the handwriting of the sender, or of an agent shown to have been duly authorized. But when it appears that the telegram has been destroyed by the company, secondary evidence of the essential fact may be given." *Campbell* v. *Willis* (*supra*) is not in point, as there the telegrams and letters passed between the parties, and the court held that having been forwarded in the usual course of business, the law presumes that they were received by

defendant; that where a letter is received in response to a letter sent by the receiver the law will presume that the letter is from the person whose name is signed to it, and that if defendant had failed to receive the letters and telegrams he would have taken the stand and said so.

In the case at bar the cablegrams are self-serving declarations as to which no proof was offered to the effect that they were actually sent or authorized to be sent by the person whose name appears as the sender or that the originals had been destroyed by the company which transmitted them.

In *Insurance Co.* v. *Guardiola* (129 U. S. 642) letters relative to a shipment by water, written by the agents of parties to the action to their principals, were held to be no part of the transaction of shipping sugar, but mere reports, and incompetent as against the opposite party, either in themselves or in corroboration of the testimony of the agents. The question here involved was directly at issue and was decided adversely to the contention of respondent. In *Parsons* v. *Ramsey* (54 Hun, 633) (See opinion of General Term, third department, reported in 7 N. Y. Supp. 93), a letter written to plaintiff's attorney by a third person was offered by plaintiffs and received over the objection and exception of the defendant. INGALLS, J., in an opinion in which all members of the court concurred, said: " The statements contained in the letter are clearly material as bearing upon the principal question involved in the controversy. * * * We do not discover that the defendant admitted the truth of the material statements contained in the letter, or that any sufficient foundation was laid for the admission of the letter as evidence. This error seems to us so clearly fatal to the recovery that it becomes unnecessary to consider any other question raised upon this appeal."

In *Inman Bros.* v. *Dudley & Daniels Lumber Co.* (146 Fed. Rep. 449) the court said: " That a letter written by an agent to his principal concerning the business of the

latter is not evidence against a third person is elementary."
And as to a letter written by a third person to defendants and put in evidence over defendants' objection by plaintiff, the court, in *Consolidated Grocery Co.* v. *Hammond* (175 Fed. Rep. 641) said: "A letter is not a self-proving instrument, and proof of some kind tending to show its genuineness is always required. The mere contents of a written communication, purporting to be a particular person's, are, of themselves, not sufficient evidence of genuineness. (3 Wigmore on Evidence, § 2148.)  *  *  * The letter, having been written by a third person, without the knowledge of the defendants, and without their subsequent sanction or approval, seems to us to be hearsay testimony, so far as the defendants are concerned, and, for that reason, inadmissible against them." In Wigmore on Evidence (2d ed.), section 2154, it is said: " That a telegram not following a previous one calling for a reply should sufficiently authenticate itself by its contents, any more than any other communication, seems never to have been contended."

Since proof of the sending of the cablegrams in question was entirely lacking and no evidence was offered excusing failure to furnish proof, the cablegrams were improperly received in evidence. Being material and necessary to support the verdict found, they were prejudicial to the defendant. The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.