*W. T. Hughes*, for plaintiff in error.
*Alpheus Wright*, for defendant in error.

---

## CRANE *et al. v.* ANDREWS and LUDWIG.

(*Supreme, Court of Colorado, December Term, 1882—Error to the Lake County District Court*).

EVIDENCE—NEW TRIAL. Where incompetent testimony is permitted to go to the jury, which might have influenced them in their finding, the verdict will be set aside. It is improper to allow testimony of the usage of banks as to numbering and marking papers sent for collection, when it is within the power of the party to introduce evidence as to the exact facts in the case under consideration. The best evidence must be produced.

BECK, C. J. Plaintiffs in error brought suit upon a draft for merchandise, shipped from their house in Cincinnati, Ohio, to the defendants, in the town of Boulder, this State.

Defendant Andrews, being also engaged in business in the City of Leadville at the time of the arrival of the goods, suit was instituted in the County Court of Lake county upon said draft, and judgment obtained thereon; from which judgment an appeal was taken to the District Court of said county, where, upon trial *de novo*, judgment was rendered for the defendants, Andrews and Ludwig.

Andrews testified, in the District Court, that a former draft for the same indebtedness was sent to the First National Bank of Boulder, and, by the cashier of that bank, duly presented for acceptance to the defendants' clerk, Barney, who, in writing endorsed thereon, accepted the same. Defendant testified that he afterwards saw said draft in said First National Bank of Boulder, with said acceptance under the hand of said Barney endorsed thereon, and further stated that said draft, thus accepted, was still outstanding against him at the time of trial.

In opposition to this testimony, the plaintiffs produced in evidence the deposition of Oliver D. Bryant, of Cincinnati, who deposed that he was connected in business with the plaintiffs in error, Crane, Breed & Co., as general manager and business correspondent, and had been so connected with them for about fourteen years. He further deposed that the draft sued upon was the original and only draft drawn upon the defendants for the bill of goods involved in that action. That it was forwarded to P. A. Burgess, cashier, from Cincinnati, on the day of its date; that acceptance was refused, and the draft returned to the drawers. Witness further deposed that neither said draft, nor any other draft, was ever accepted by the defendants in error for said bill of merchandise, nor did the plaintiffs ever receive from said defendants an accepted draft in payment of said bill.

After the reading of the deposition, defendants were permitted, against the objections and exceptions of the plaintiffs, to introduce witnesses for the purpose of proving the usages of banks to number all drafts sent them, and to endorse thereon the non-acceptance, whenever a refusal to accept occurs, together with the reasons therefor.

Defendants then offered in evidence one of their day-books,

usually called a "*blotter*," for the purpose of proving by an entry therein that the original draft sent them through the First National Bank of Boulder, had been accepted in the usual manner.

To this offer it was objected, that it had not been shown by testimony that defendants kept correct and honest books of account; but the objections were overruled, and plaintiffs excepted.

We are of opinion that the admission of witnesses, under the circumstances of the case, to prove the usages of banks as to numbering and making endorsements upon all drafts sent them, was error.

The business manager of the plaintiffs had testified positively that the draft sued upon was the original and only draft which had been drawn upon the defendants for that particular bill of goods, and that it had not been accepted, as was apparent from an inspection of it.    Defendant Andrews testified that he was, himself, in Leadville, when the bill of exchange reached Boulder, but that his clerk, Barney, accepted the bill in his name.    Barney was not produced; Burgess, the cashier, to whom the bill of exchange was made payable, was not produced, nor was their absence accounted for, but defendants were permitted to resort to the usages of banks to sustain the testimony of Andrews, and to introduce for that purpose, persons, neither of whom were experts, one of them being the defendant, Andrews, himself.

In this we think the Court departed from the rule of evidence, that the best evidence of which the case in its nature is susceptible must be produced.

This Court has held that, when incompetent testimony is permitted to go to a jury, which may have influenced their verdict, the verdict will be set aside.    *Hartford Fire Ins. Co.* v. *Smith*, 3 Colo., 422.

For the errors indicated, the judgment will be reversed, and a new trial awarded.                    *Judgment reversed.*

*Wm. Fletcher*, for plaintiffs in error.

(*No appearance by defendants in error*).