## MILLER v. DURST.

1. A complaint alleging that plaintiff worked for defendant for certain years, for which defendant agreed to pay at the rate of $20 per month, and that there is a certain balance due, is good as against an objection to the introduction of evidence on the ground that the complaint does not state a cause of action.

2. Evidence of a justice of the peace as to a judgment rendered by him is inadmissible as not being the best evidence to prove the judgment when his docket is not shown to be lost or destroyed.

3. Where plaintiff introduces a justice of the peace to show a prior adjudication of a claim pleaded by the defendant as a counterclaim, and the justice testifies to the filing of the claim as a counterclaim in a former suit before him, it is error to refuse to allow him to state on cross-examination whether he considered the counterclaim in determining the cause.

(Opinion filed June 12, 1901.)

Appeal from circuit court Custer county. Hon. LEVI McGEE, Judge.

Action by Nancy S. Miller against John P. Durst to recover

compensation for services performed for defendant. From a judgment in favor of plaintiff, and from an order denying a new trial, the defendant appeals. Reversed.

The facts are stated in the opinion.

*W. E. Benedict,* for appellant.

*B. R. Wood,* for respondent.

CORSON, J. This is an action by the plaintiff to recover a balance due for work and labor performed by her for the defendant. Verdict and judgment for the plaintiff, and the defendant appeals.

It is alleged in the complaint that the services performed by the plaintiff were to be paid for at the rate of $20 per month, and she claimed a balance due her of $262.80, with interest and costs. The defendant denied making the contract; denied that any sum was due or owing to the plaintiff, but admitted that certain services were rendered by her. He also sets up certain counter claims as follows.: First, that the plaintiff did not perform her work in a proper manner, and that the defendant suffered loss thereby; second, that there was an amount of $212 due him for board for the children of the plaintiff, which she agreed to pay; third, that he paid sundry sums to other persons on account of the plaintiff, and at her request, amounting to $134.67. And he demanded judgment against the plaintiff for $410.17 and costs. To these counterclaims the plaintiff filed a reply denying each and every allegation thereof, and alleged that defendant's counterclaim for board for plaintiff's children had been adjudicated in an action previously tried in a justice court, in which her husband, John G. Miller, was plaintiff, and the present defendant was defendant, and that the items for board of the children mentioned in the counterclaim in this action were pleaded as a counterclaim in that action, and allowed by the court. A jury having been impaneled to try the case, the defendant objected to any evi-

dence on the part of the plaintiff upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled, and the defendant excepted. We are of the opinion that the complaint is sufficient as against the objection made at the trial. The plaintiff alleges in her complaint that she performed work and labor for the defendant during the years 1897, 1898 and 1899, for which services the defendant agreed to pay her the sum of $20 per month, and that the balance due her on account of said services was $262.80, no part of which has been paid, and demands judgment for that sum.

In speaking of a similar complaint the court of appeals of New York, in Moffet v. Sackett, 18 N. Y. 522, says: "The defendant contends that the contract was special, and should have been particularly set forth in the complaint. There was nothing special about it except as to the price, and in such case the general indebitatus count was sufficient, under our former system of pleading, and a similar general allegation is, I think, tolerated by the Code." If the defendant required a more specific statement, he might have demanded of the plaintiff to furnish him a copy of her account Section 4923, Comp. Laws); or he could have moved the court to make the complaint more definite and certain (Section 4925, Id.). The defendant was called as a witness in his own behalf, and testified as to the counterclaim, and that there was due him for board for the plaintiff's children $212.50, which she had promised to pay. The plaintiff, to sustain her reply to this counterclaim, and to show that it was pleaded and determined in the former action of John G. Miller against this defendant, called as a witness one Graham, who testified that he was a justice of the peace, that there was an action commenced in his court, in which said John G. Miller was plaintiff and the defendant herein was defendant. He was then asked; "Have you examined

this paper?" What the paper purported to be is not disclosed by the record. His answer was, "Yes sir." He was then asked to state to the court his decision in that case. This was objected to, among other grounds for the reason that it was not the best evidence; objection overruled, and defendant excepted. The justice then proceeded to state what judgment was rendered by him in that action, and this coustitutes the only evidence as to the judgment. It is contended on the part of the defendant that the evidence of the justice as to the judgment rendered by him was not the best evidence, and that either the justice's docket should have been produced, or a duly-certified copy of the same, or, if the docket was lost or destroyed, that fact should have been proven as a foundation for the admission of secondary evidence as to its contents. The defendant is clearly right in this contention. A record of a court can only be proven by the production of the record itself, or a certified copy thereof, unless the same has been lost or destroyed, and in such case proof must be first made of its loss before secondary evidence of its contents can be admitted. Jones, Ev. §§ 198, 199. As the justice docket in this case was neither offered in evidence, nor a certified copy thereof, nor was it shown that the record was lost or destroyed, the admission of this evidence was clearly error. As the plaintiff had set up in her reply to the defendant's counterclaim that the amount claimed by the defendant for the board of her children had been adjudicated in a former action in which her husband was plaintiff and the defendant herein was defendant, it was necessary for her to prove the facts so alleged by her, and that a judgment was rendered in that action. The evidence, therefore, of the judgment was a material fact in the case.

In Noyes v. Belding, 5 S. D. 603, 59 N. W. 1069, this court in speaking of such evidence, said: "According to an elementary rule

requiring the best evidence of which a case in its nature is suscepti-
ble, no evidence should be received which presupposes better evi-
dence in the party's possession, under his control, or within his reach;
and, in the absence of preliminary proof, as a foundation for the
introduction of parol evidence concerning the nature of a judicial
record, the evidence was properly excluded. Railroad Co. v. Strick-
land, 80 Ga. 776, 6 S. E. 27; Crane v. Andrews, 6 Colo. 353; Mc-
Phaul v. Lapsley, 20 Wall. 264, 22 L. Ed. 344; Clifton v. U. S., 4
How. 242, 11 L. Ed. 957." Mr. Jones in speaking of the rule as to
the best evidence says: "The best attainable evidence should be ad-
duced to prove every disputed fact. There are few rules of evidence
more frequently invoked in the trial of causes than this, and there
certainly is no rule more strongly supported by adjudicated cases.
It rests upon the presumtion that one who withholds testimony of
a higher grade, and seeks to substitute therefor testimony of an in-
ferior kind, does so from some improper motive, and because he is
conscious that his claim would not be supported by the testimony
which he declines to produce. The enforcement of the rule serves
the double purpose of affording the court satisfactory, rather than
unsatisfactory evidence, and of preventing the innumerable frauds
which would be attempted if parties were at liberty to prove the con-
tents of writings by parol." Jones Ev. § 197. In Section 199 the
same author, in speaking of the illustrations of the rule says: "A
judgment is proved, not by the execution, nor by parol evidence,
but by the judgment itself. And it may be stated generally that the
record, or, in proper cases, certified copies of the record, should be
produced to show transactions in judicial proceedings." In Kentz-
ler v. Kentzler, 3 Wash. St. 166, 28 Pac. 370, 28 Am. St. Rep. 21, it
was held that proof of loss of a certified copy of a judgment rendered
in another state does not admit parol evidence of its nature and con-

tents where the original judgment is still in existence. Mr. Free-man, in his note to this case, says: "The rule that, before secondary evidence of the contents of a written document can be received, it is necessary to show its genuineness and existence, that it is lost, destroyed, without the jurisdiction of the court, or in the possession of the adverse party, who refuses to produce it; and that the party himself has used diligence to procure it, * * * applies to records of judical proceedings, * * * as well as to transcripts of foreign judicial records;" citing a large number of cases, which see. It will be observed in the case at bar that the justice was present, and that no reason appears why his docket could not be produced. On cross-examination the justice was asked by counsel for the defendant the following question: "There is set up in the answer of the defendant in the case of John G. Miller against John P. Durst, in paragraph 3, a defense and a counterclaim of board of the children, and also lumber and shingles. I want to ask you, as the justice of the peace, in determining that case if you considered the board of the children and the lumber and shingles." Objected to as incompetent. Objection sustained, and exception by defendant. It is contended by appellant that the court erred in sustaining plaintiff's objection to this question. Notwithstanding the counterclaim set up in this action for the board of the plaintiff's children was set up in the former action, it was competent to show that the former action was not decided upon the merits, or that, for some reason, the counterclaim was not considered by the justice. Munro v. Meech, 94 Mich. 596, 54 N. W. 290. The complaint and answer in the case of John G. Miller against the present defendant had been introduced in evidence, and the justice, as we have seen, over the objection of the defendant, had testified as to what judgment had been rendered in that case. It was, therefore, competent, and proper for the purpose

of showing, if such was the fact, that this counterclaim, notwithstanding it had been pleaded in that action, was not passed upon by the justice, and that the defendant had not been allowed the amount of the counterclaim. If error is shown, it is presumed that the party against whom it was made was prejudiced, unless the court can clearly see from the whole record that the error could not have been prejudicial. People v. Woody, 48 Cal. 82; People v. Murphy, 47 Cal. 103; Carpenter v. Williamson, 25 Cal. 167. Nothing is disclosed in this record to overcome this presumption. But the fact that the justice's docket itself was not produced, and the fact that objection was made to the question propounded to the justice on cross-examination, rather tend to confirm the presumption that the justice's docket, if produced, would have disclosed facts beneficial to the defendant. For the errors, therefore, in admitting over the defendant's objection the testimony of the justice as to the contents of his docket, and sustaining plaintiff's objection to the question above set forth, the judgment of the court below must be reversed. We have not deemed it necessary to consider the other errors assigned. The judgment of the circuit court and order denying a new trial are reversed, and a new trial granted.