## TOSINI v. CASCADE MILLING CO.

In an action for injuries to plaintiff's land and crops by overflow due to the raising of defendant's dam, the court limited plaintiff's evidence to the damage to the crops, but charged that, if defendant raised the height of its dam, then the jury should consider whether that caused injury to plaintiff because the raising of the dam would not of itself create a liability to plaintiff, unless the damage to his "crops and property" was occasioned thereby. **Held,** erroneous in using the word "property" in connection with the word "crops," as misleading

the jury to award damages for injuries to plaintiff's property other than crops.

Where material error appears in the charge, prejudice will be presumed, unless the contrary affirmatively appears.

Where the court had limited plaintiff's proof of damage to injury to crops, defendant's failure to request a particular instruction limiting the verdict to such damage did not bar it from objecting to an instruction which authorized a recovery for injuries to the crops and plaintiff's other property.

Where a dam had been continually used for more than 20 years by defendant and predecessors, defendant acquired a prescriptive right to continue the dam at its orignal height, and to replace flush boards carried away by the high water and ice, or removed by owners of the dam to prevent their being carried away.

(Opinion filed, October 20, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Joseph Tosini against the Cascade Milling Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

*Tore Teigen* (*U. S. G. Cherry, of counsel*), for appellant. *S. H. Wright,* for respondent.

CORSON, J. This action was instituted by the plaintiff, claiming to be the owner of a tract of land adjacent to the Sioux river in the city of Sioux Falls, to recover damages for injuries resulting to the crops upon said land during the year 1906 and injuries to the land caused as alleged by the unlawful damming up of the waters of said river by the defendant. Verdict and judgment being in favor of the plaintiff, the defendant has appealed.

It is disclosed by the evidence that about the year 1878 the grantors or predecessors in interest of the defendant erected a dam on the Sioux River, in the city of Sioux Falls, for the purpose of creating a water power; that said grantors or predecessors in interest of the defendant acquired the right to erect said dam to a sufficient height to give a head of water of 10 feet by means of purchase and condemnation proceedings, and that thereupon a dam was constructed and continually used from that time to the time of the trial of this action, which occurred in December, 1906; that the plaintiff for about 10 years preceding the trial was in the

possession of the tract of land of about six acres heretofore mentioned, and cultivated and raised thereon garden vegetables for the Sioux Falls market; that during the season of 1906, by reason of the high water in the river, certain portions of his crop were wholly or partially destroyed by the waters of the said river, and his said real property was damaged thereby. On the trial evidence was introduced on the part of the plaintiff tending to prove that in the winter of 1905 the dam was reconstructed, and its height increased from two to four feet, and that, by reason thereof, the premises of the plaintiff were overflowed and his crops partially injured or destroyed and his real property damaged, and evidence was introduced on the part of the plaintiff tending to prove that he had erected buildings and other improvements upon his said premises to the value of several thousand dollars. The plaintiff, over an objection of the defendant, offered to prove the value of his real property prior to such injury and damage and the value subsequently thereto, but upon the objection of the defendant that the plaintiff had failed to show a legal title to the property, and that he only held the same under and by virtue of a contract with the legal owner, the court excluded the evidence offered, and the trial seems thereafter to have proceeded upon the theory that the plaintiff was only entitled to recover the value of his crops destroyed or damaged, and the defendant introduced no evidence upon the subject of value of the improvements made upon plaintiff's real property or damage thereto.

It is contended by the appellant that the court, having permitted evidence showing the improvements upon the real estate in the way of buildings, basement, barn, pumphouse, cellar, greenhouse, fence, sewer, etc., and subsequently held that the same was inadmissible, erred in its charge to the jury wherein it instructed them to consider the question whether or not there was damage not only to the crops, but to the real estate, by the use of the following language: "If you find that the defendant has maintained a higher dam or higher flush boards * * * than has been the case during the remainder of the 20 years, then you will consider whether or not that caused any injury to Tosini; because, even if you should find that the flush boards were higher, that would not of itself make

the defendant liable to Tosini, unless the damage to his crops and property was occasioned thereby. If any damage that did occur to his property was caused by the wet season simply, and by the flowing in of surface water and without any concurrent act of the defendant in contributing to this damage, * * * then the plaintiff is not entitled to recover; but if the defendant did raise its dam and flush boards, and if that caused the injury to Tosini's property, then the plaintiff is entitled to recover such damages as their action thereby occasioned, and not otherwise." As the court in the course of the trial had decided to limit the evidence of the plaintiff to the damage of the crops, the use of the term "property," in connection with the term "crops," was undoubtedly an inadvertence on the part of the court, but in our opinion the use of this term in the charge of the court when taken in connection with the other parts of the same did have a tendency to mislead the jury by taking into their consideration of damages the injury and damage caused to the real property, as well as to the crops. This view is strengthened by the fact that it is disclosed by the record that at the close of the trial, and before the case was submitted to the jury, they were directed by the court to view the premises in controversy and did proceed to view the same. This court cannot, therefore, say that the jury may not in fact have been misled by the use of the term "property" in connection with the term "crops," and that they did not include in their verdict damages for injuries to the real property as well as to the crops. It seems to be quite well settled that, where material error is committed in the charge of the court, prejudice will be presumed unless it affirmatively appears from the record that no prejudice could have resulted to the adverse party from the error. State v. Bank, 2 S. D. 538, 51 N. W. 337; Miller v. Durst, 14 S. D. 587, 86 N. W. 631. In the latter case this court says: "If error is shown, it is presumed that the party against whom it was made was prejudiced, unless the court can clearly see from the whole record that the error could not have been prejudicial." There is nothing in the record in this case to show that the defendant was not prejudiced by this error in the court's charge to the jury by using the term "property" in connection with the term "crops."

It is contended by counsel for the plaintiff that, if the defendant desired an instruction limiting the damages to the crops, it should have requested the court to so instruct them, and the defendant cannot in this court avail itself of the court's failure to give such instruction. It may be true as a general rule that it is the duty of the counsel desiring any particular instruction to request the court formally to instruct the jury upon the question which they desire to have presented to them, yet in the case at bar, however, as the court had decided in the course of the trial that evidence as to the damage done to the real property was inadmissible, the defendant was not called upon to request the court to charge the jury upon that subject; and hence the failure of the defendant to request a particular instruction limiting the verdict of the jury to the damage resulting to the crops only cannot be imputed to it, and the defendant is therefore not responsible for its omission.

One of the important questions arising on the trial seems to have been as to the raising of the dam higher by reason of repairs made in the winter of 1906, and the use of the flush boards thereon. It is disclosed by the evidence that a portion of the dam that had decayed was reconstructed, and, as the question as to the flush boards constituting a part of the dam may arise in another action, we deem it proper to express our views upon that subject at this time. It appears from the evidence that the lower portion of the dam was constructed of stone, and that upon that was placed a wooden structure, and that, in addition, flush boards were used which were usually either carried out by the ice in the spring or, removed by the defendant or their grantors, but replaced during the drier months of the year.

It is contended by the defendant and appellant that upon the reconstruction of the dam in 1905 it was raised by reason of the repairs and flush boards some two feet or more higher that it had existed prior to that time. The court held on the trial that the dam having been in constant use for over 20 years by the defendant, its grantors and predecessors in interest, the defendant had acquired a prescriptive right to continue the dam at the height at which it was originally constructed, and that the fact that the flush boards were sometimes carried away by the high water and ice in

the spring or removed by the owners of the dam to prevent their being carried away, and subsequently replaced, did not prevent them from being a part of the dam and subject to the law of prescription.

It is contended by the defendant that the court's ruling upon the question as to the flush boards was erroneous, but in our opinion the court was clearly right, and that the flush boards constituted a part of the dam as originally constructed.

The other alleged errors may not arise on another trial, and we do not deem it necessary therefore to discuss them on this appeal.

For the error of the circuit court in its charge to the jury, the judgment of that court and order denying a new trial are reversed.