## STATE v. RIGGS.

On a trial for statutory rape alleged to have been committed August 21, 1907, the evidence tended to prove several acts of intercourse; the first having occurred in a buggy, about August 21, 1907, the second in defendant's bedroom, in prosecutrix's father's house, and others at different times and places during the ensuing three months, one being described as having taken place "downstairs in the kitchen." At the close of the state's evidence, defendant moved the court to require the state to elect on which act it would rely, which motion was granted, and the state elected "to stand on the act at the house of prosecutrix's father on or about August 21, 1907." The court charged that, the state having elected to stand on the act at the house of prosecutrix's father, the crime must have taken place there, but that the time was not material, and it was not necessary that the state prove that the crime was committed on August 21st, or any other particular date, but the state might prove that it occurred at any time since the statute raising the age of consent and the filing of the information. Held that, had the evidence tended to prove but one act at the house, the instruction might be sustained, but, the evidence tending to prove several acts, the instruction particularly ignored the previously required election, and allowed each juror to find defendant guilty of either of numerous acts committed at the house and was therefore erroneous; it being necessary that all the jurors be satisfied of the commission of the same act—the one identified by prosecutrix as her second act of intercourse with accused.

Where error is shown, it is presumed that the party against whom made was prejudiced, unless the contrary clearly appears from the whole record.

Error cannot be held not to have prejudiced accused simply because the Supreme Court believes him guilty.

(Opinion filed, April 5, 1910.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Edwin J. Riggs was convicted of the rape of a female under 18 years of age, and, from the judgment of conviction and an order denying a new trial, he appeals. Reversed, and a new trial ordered.

*B. C. Huddle* and *T. J. Spangler,* for appellant. *S. W. Clark, Atty. Gen.,* and *Clark S. Rowe, State's Atty.,* for the State

HANEY, J. This appeal is from a judgment committing the accused to the penitentiary for five years and from an order denying his application for a new trial.

Accused was charged with, and found guilty of, having accomplished an act of sexual intercourse with a female not his wife and under 18 years of age. August 21, 1907, was the date of the crime as alleged in the information. The testimony of the prosecutrix, received without objection, tended to prove several acts constituting the crime charged, the first having occurred in a buggy on the prairie, about August 21, 1907, the second in defendant's bedroom, in her father's house, about one week later, and others at different times and places during the ensuing three months. All the evidence tended to prove that the prosecutrix was 17 years of age May 19, 1907. The statute defining the crime charged, as amended, took effect July 1, 1907. Laws 1907, c. 11. At the close of the state's evidence, defendant moved the court to require the state to elect on which act it would rely, which motion was granted, and the state elected "to stand on the act of intercourse proven to have been committed at the house of Voclav Fousek (the prosecutrix's father), at Vega, S. D., on or about the 21st of August, 1907." The following requested instruction was refused: "You are instructed that the state has elected to fix the date of the commission of the crime as August 21, 1907, at the Fouseks' home in Brule county, S. D., and you must be satisfied beyond all reasonable doubt that the act of sexual intercourse took place at the time and place elected by the state in order to find the defendant guilty." And the court charged the jury as follows: "It is not necessary that the state prove the crime to have been committed at the precise time alleged in the information, but may prove that it was committed at any time between the 1st day of July, 1907, and the time of filing the information, which in this case was the 18th day of this present month of June. Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, where the female is under the age of 18 years. So, gentlemen, the first question this jury will be called upon the answer will be this: Did the defendant, in Brule county, at the house of Voclav Fousek, within the time between July 1, 1907, and June 18, 1908, have sexual intercourse with Tillie Fousek? The state has elected in this case to stand upon the charge, or the evidence, or contended evidence of an act

of sexual intercourse at the house of Voclav Fousek, and, of course, the crime must have taken place at that place. The time, however, gentlemen, is not material. It is not necessary that the state prove that the crime took place upon the 21st day of August, or any other particular date. It may prove that it was at any time between the 1st of July, 1907, and the 18th day of June, 1908." If the evidence only had tended to prove one act at the house, this charge might be sustained, but, as heretofore suggested, it tended to prove several between July 1, 1907, and June 18, 1908, one being described as having taken place "downstairs in the kitchen." So the court in its charge practically ignored the previously required election, and allowed each juror to find the accused guilty of either of numerous alleged acts committed at the house. Of course, it was not necessary to prove that the particular act relied on was committed on August 21, 1907, but it was necessary that all the jurors should be satisfied beyond reasonable doubt of the commission of the same act—the act relied on, the one identified by the prosecutrix as her second act of intercourse with the accused. Each act of sexual intercourse between these parties would constitute a complete offense. In this state the indictment or information must charge but one offense. Rev. Code Cr. Proc. §§ 224, 272. In all criminal prosecutions the accused has the right to demand the nature and cause of the accusation against him, and to have a copy thereof. Const. S. D. art. 6, § 7. Manifestly one may not lawfully be convicted of a crime not embraced by the accusation against him, and, as but one crime can be charged in the same accusation, there was but one act of sexual intercourse of which this defendant lawfully could be convicted in this action. According to Mr. Bishop, where the law permits but one transaction or offense to be set out in a single indictment or information, the prosecuting officer should be compelled to choose the transaction on which he will ask for a verdict. 1 Bishop, New Crim. Proc. § 459. Though the ruling of a trial court on a motion to require an election in this class of cases may involve an exercise of discretion which should be sustained in the absence of abuse of such discretion, the election in this case having been required and made, the state

is not in position to assert that it should not have been required to elect, and, if it was a case requiring an election, clearly defendant should not have been deprived of his right thereto by the charge to the jury. Moreover, it manifestly was unfair to the accused to require an election before his testimony was offered, and to disregard it after his case was closed. It is not unreasonable to assume that the conduct of the defense would be influenced by the ruling requiring the state to elect. It is not unreasonable to assume that the accused did, in fact, rely on such ruling in determining what evidence he would offer, and whether he would offer himself as a witness. So we conclude that it was error for the trial court, having required the election at the close of the state's testimony, to disregard it in its charge to the jury without notice to the accused before the close of his case. "If error is shown, it is presumed that the party against whom it was made was prejudiced, unless the court can clearly see from the whole record that the error could not have been prejudicial." Miller v. Durst, 14 S. D. 587, 86 N. W. 631; State v. Bank, 2 S. D. 538, 51 N. W. 337. There is nothing in the record to dispute this presumption; nothing to show that defendant did not, in fact, rely upon the ruling requiring the state to elect in conducting his defense; nothing to show that the jury, in fact, found the accused guilty of the act relied on by the state. Criminal causes are not triable de novo in this court. Defendant may or may not be guilty of the crime charged. Innocent men have been convicted on evidence apparently much stronger than that in this record. The question to be determined by this court is not his guilt or innocense. It is whether, in securing his conviction, established rules of procedure have been pursued. It will not do to say defendant was not prejudiced simply because we believe he is guilty. That is the logic of the mob when it executes one believed to be guilty without regard to any lawful modes of procedure.

Though the instruction requested by the defendant was properly refused, as it restricted consideration to an act occurring only on August 21, 1907, its defect in this respect did not justify the court in giving an erroneous instruction on the same subject. The court having charged the jury on its own motion, the request

is material only as tending to show that the accused was, in fact, relying on the ruling requiring the state to elect.

The judgment of the circuit court is reversed, and a new trial ordered.

WHITING, P. J. (dissenting). I am unable to agree with the conclusions reached in the foregoing opinion. Although the court rightfully refused the instruction as asked for, yet it should have given it modified so as to conform to the evidence and the election. The defendant was legally entitled, after the election by the state, to be acquitted unless every juryman was convinced that defendant was guilty of the very act relied upon by the state; and I concede that, to start with, it is presumed that such an error in instructions was prejudicial to the rights of a defendant and would entitle such defendant to a new trial, but there is no conclusive presumption of prejudice such as would preclude a court from considering such instruction in the light of the whole record and determining as a matter of fact whether injury to defendant could have resulted from such instruction. In this case the complaining witness testified to the transaction in the buggy, and then testified in detail (giving more or less particulars) in relation to an act of intercourse in defendant's room in her father's house, which act she claimed took place on or about August 21, 1907. She then testified there were other transactions of the same nature giving no time or place, except she stated they were between the time of act in defendant's room and some time the last of November, 1907. Upon cross-examination she testified that such acts occurred frequently at the creamery, where defendant worked, and also testified that such an act of intercourse had occurred in the kitchen in her father's house. Neither date of this act nor any particulars in relation thereto were given. The state then proved by letter written by defendant a practical admission that defendant was guilty of having had intercourse with the complaining witness, but nothing therein to show where it was or anywhere near the date. Then came the election. The defense then offered some evidence tending to throw doubt as to whether or not the complaining witness testified truthfully regard-

ing the buggy transaction. This evidence was of no value, except as it might tend to impeach the complaining witness in regard to such transaction, and thus generally discredit her. Yet the jury must have believed her testimony as to other matters at least, or it would have accquitted. Having thus believed her as to one of the transactions claimed to have occurred at her father's housc, no matter which one, there being in the whole record not a scintilla of evidence upon which any juryman could conclude she testified truthfully as to the transaction in the kitchen, and yet have a doubt as to the truthfulness of her evidence in relation to the transaction in defendant's room—in the light of the whole record herein, it must be conclusively presumed that the whole jury found the complaining witness' evidence in relation to such transaction in defendant's room to be true. Only one question was before this jury and that was, "Did the complaining witness tell the truth?" and under the record there was but one point where the jury could have divided in its views, and that was in relation to the buggy transaction. No chance for division of views occurred elesewhere. This court has no right to weigh the evidence given where different minds might reach divers conclusions, but it is certainly our right and duty to determine whether or not there is any evidence from which different conclusions could possibly be drawn. In this case, it would be entirely different if either before or after the election there had been a word of testimony given on behalf of either side that might differentiate the evidence concerning one of these acts from that concerning the other.

If the views of the majority of the court are correct, then no matter how overwhelming the evidence might have been in proof of both of said transactions spoken of, even if the defendant had himself taken the stand and under oath stated that every word spoken by the complaining witness was true, still the defendant would be entitled to a new trial, because even under such circumstances it would still have been the technical duty of the court to have instructed the jury that their minds must meet on one transaction, and that the one alleged to have occurred in defendant's bedroom on or about August 21, 1907.

The judgment of the trial court should be affirmed.

CORSON, J., concurs, in the views expressed by Judge WHITING in his dissenting opinion.