STATE, Respondent, v. ANDERSON, Appellant.

(238 N. W. 643.)

(File No. 7042. Opinion filed October 26, 1931.)

*Morrison & Skaug,* of Mobridge, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for the State.

MISER, C. Appellant was convicted of adultery. The information charged that the crime was committed "between the tenth day of December in the year 1927 and the first day of December 1928." The principal witness for the state was the other party to the alleged adultery. She will be referred to herein as the prosecutrix. She testified to an act of intercourse on August 4, 1928, as a result of which a child was born on May 11, 1929. She also testified that from about December 10, 1927, until December 1, 1928, she had sexual intercourse with accused "a couple of times, maybe three times a week."

At the conclusion of the state's case and again at the conclusion of all the evidence, defendant moved that the state be required to elect on which act it relied. The motions were denied. Respondent contends that the opening statement of the state's attorney that the state expected to show that the "intercourse took place on or about the fourth day of August, 1928," made it unnecessary for the state to elect. Respondent cites in support thereof State v. Rash, 27 S. D. 185, 130 N. W. 91, Ann. Cas. 1913D, 656, and State v. Mills, 45 S. D. 439, 188 N. W. 49. The allegation of the specific act in the informations in the Rash and Mills Cases, as opposed to the broadly inclusive allegation in the information in the case at bar, made an election less necessary in those cases than in the case at bar. Assuming, however, though not deciding, that it was not error to refuse to require an election as to the specific occurrence, in view of the opening statement, yet when the trial court, after twice refusing to compel an election as to which one of approximately one hundred acts the state relied upon, instructed the jury that it should convict if it found that defendant had sexual intercourse with prosecutrix "between the 10th day of December, 1927, and the 1st day of December, 1928," it permitted a conviction, not of some definite act though of uncertain date, but of any one of many acts within the broadly inclusive limits of the period stated in the information. Indeed, assuming that by the opening statement the defendant was sufficiently advised that he was being tried for the act occurring on or about August 4, 1928, as a result of which a child was born, the members of the jury might have been convinced that defendant was not the father of that child, and yet within the instructions convict him because they were convinced that he was guilty of one or one hundred of the other acts testified to. The information was itself in the nature of a net with which to drag the deep waters of an alleged adulterous past, but the instruction permitted each member to select a different item from the large haul and, though no one selected the act occurring on or about August 4, 1928, and no two selected the same act, all jurors might vote for conviction. In State v. Riggs, 25 S. D. 275, 277, 126 N. W. 509, 510, this court said, after quoting an instruction held to be improper: "So the court in its charge practically ignored the previously required election, and allowed each juror to find the accused guilty of either of numerous

alleged acts committed at the house. Of course, it was not necessary to prove that the particular act relied on was committed on August 21, 1907, but it was necessary that all the jurors should be satisfied beyond a reasonable doubt of the commission of the same act—the act relied on, the one identified by the prosecutrix as her second act of intercourse with the accused." Even more apt was the language of the court in State v. Yeager, 41 S. D. 51, 53, 55, 168 N. W. 749, 750: "The state overlooks a very important fact—while time is immaterial the transaction charged is material. * * * Thus the real question always is: What particular alleged criminal act or transaction did the prosecutor have in mind when he drew his information? If that is revealed by the record upon a preliminary hearing, by the wording of the information itself, by an opening statement of the prosecutor, or by the evidence, the court *must see to it* that the defendant is convicted of *that particular act* or transaction *or else acquitted."*

The foregoing compelling a reversal, we do not discuss other errors less likely to occur on a subsequent trial.

The judgment and order appealed from are reversed.

CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

POLLEY, P. J., not sitting.

ROBERTS, J., disqualified and not sitting.