UNITED STATES *v.* PINGS.

*(District Court, S. D. New York.* November 9, 1880.)

1. DEPOSITION—COMMISSION—RULE OF COURT—FORMAL DEFECT.—A commission for the taking of a deposition will not be set aside, where it appears to have been properly executed, although the form of instructions to the commissioner, annexed to the deposition, was not signed by the clerk or the defendant's counsel, as required by a rule of the court which issued the commission.

2. SAME—PRACTICE—REV. ST. § 866.—The mode of executing such commission, when issued by a federal court, is not governed by a state statute, but by section 866 of the Revised Statutes.

3. SAME—REV. ST. § 866—"ACCORDING TO COMMON USAGE."—A deposition is not taken " according to common usage," within the meaning of section 866 of the Revised Statutes, if one of the parties to the action writes down the answers for the commissioner, at the request of the latter, in the absence of the other party to the suit, although it does not appear that any injury was thereby sustained.

Motion to Suppress a Deposition.

*Melville Brown,* for motion.

*Samuel B. Clarke,* Ass't Dist. Att'y, *contra.*

CHOATE, D. J. This is a motion to suppress a deposition taken under a commission issued to the consul of the United States at Breslau, Germany, for the examination of witnesses upon written interrogatories. One objection taken to the deposition is that the form of instructions to the commissioner annexed to the commission were not signed by the clerk or by defendant's counsel, as required by rule 112 of this court. This is a formal defect only, and does not, I think, justify the setting aside of the commission, if, in fact, it appears to have been properly executed. Objection is also made that the answers of the witness to the interrogatories were written down by one of the counsel for the plaintiff, who happened to be in Europe at the time and attended upon the taking of this and other testimony. The defendants were not represented before the consul upon the taking of the deposition.

It is insisted, on the part of the defendant, that the provisions of the New York Code, § 901, which require the person executing a commission to take testimony to reduce the exam-

ination to writing himself, or cause it to be reduced to writing by a disinterested party, are made applicable to depositions taken under a commission from a court of the United States. I think, however, that the mode of executing commissions out of this court is governed, not by the state statute, but by the 866th section of the Revised Statutes of the United States, which provides that "in any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a *dedimus potestatem* to take depositions according to common usage." This matter being expressly provided for by act of Congress, the state practice relating to the same matter is not adopted by Revised Statutes, § 914. *Beardsley* v. *Little*, 14 Blatchf. 102.

The question, therefore, is whether, in case of a deposition taken under a commission "according to common usage," it is a fatal objection that the attorney for one of the parties to the action writes down the answers for the commissioner, the other party to the suit not being represented. I think such a practice, if allowed, might lead to great abuses. A very slight turn of expression given to an answer, and such as might escape the notice of the witness or the magistrate, would, in some cases, materially alter the sense. Nor would it be possible, ordinarily, for the party not represented at the taking of the testimony to show that in the particular case he was injured or prejudiced. The statute of New York which forbids the practice is certainly wise, and calculated to protect the administration of the law, in this particular, against abuses.

The statutes of some of the states required the witness to be examined by the commissioner separately and apart from all other persons. In this case it is not claimed that there is any evidence that the defendant was in fact prejudiced or injured by what was done, and it appears by affidavit that the testimony was taken as it was at the special request of the consul; that the consul, who was present all the time, was old and feeble, and not well able to write the answers down himself. I think the practice, however, must be condemned as improper and dangerous, without regard to

what may be shown in the particular case, and on this ground the deposition must be suppressed, although there is no suggestion of intended impropriety or actual prejudice to the defendant in this case. The learned counsel for the plaintiff has cited two cases, in which this objection appears not to have been sustained, as authority for the proposition that a commission so executed is executed "according to common usage," as that expression was understood at the time of the passage of the judiciary act of 1789, from which Rev. St. § 866, was taken. 1 St. 85, § 30; *Nichols* v. *White*, 1 Cr. C. C. 58; *Atkinson* v. *Glenn*, 4 Cr. C. C. 134. These precedents may account for, and may have been supposed to justify, the course that was taken in this case, as they are decisions by a court of undoubted authority.

But in neither of these cases does it certainly appear that the party making the objection was not represented by his counsel upon the taking of the testimony. If he was, the objection might well have been considered waived, if not taken at the time. If, however, it was otherwise, and the cases were like the present, yet a practice, which at one time may appear to the courts harmless, may, at a different period and in a different state of things, be seen to involve such possibility of abuse that it should not be permitted. The large increase, in modern times, in the number of attorneys, and their less intimate relations with the courts, have effected such changes as may well alter rules of practice in a matter such as this; and, of course, if the practice is permitted in the case of any attorney, it must be permitted in the case of all. And, while the term "according to common usage" is to be construed as referring to what was, at the time the act of 1789 was passed, understood to be "common usage," yet, in a matter affecting the purity of the administration of justice, the courts are at liberty, from time to time, so to control the execution of their own processes and mandates as to repress or prevent a practice which they shall see is capable of introducing abuses. This is, and always was, "according to common usage;" and an application to suppress a deposi-

tion on such a ground is one addressed to the sound discretion of the court, and when it is made, as here, before the trial, the granting of the motion may be with leave to issue a new commission for re-examination of the witnesses.

Motion granted.