KEMSLEY, MILLBOURN & CO., Limited, v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
May 2, 1927.

No. 328.

1. Admiralty ⊙73—Written addendum to copy of ship's manifest held incompetent as proof of transhipment, without proof of verity.

Written addendum to copy of ship's manifest held incompetent as proof of transshipment of cargo, in view of fact that there was no knowledge as to under what circumstances addendum was written, or who wrote it, or as to what knowledge person writing it had.

2. Admiralty ⊙75—Answers to interrogatories by ship's proctor on information averring transhipment held incompetent as hearsay.

Answers by ship's proctor on information to interrogatories in suit for loss of shipment averring transhipment held incompetent as proof thereof, being the equivalent of discovery in equity, and hearsay.

3. Shipping ⊙132(2)—Limitation clause in bill of lading must be pleaded.

Limitation clause in bill of lading constitutes a partial defense, and must be pleaded.

4. Shipping ⊙125—Delay may be "deviation," as well as "departure."

Delay may be a "deviation," as well as "departure," from the usual course.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Departure; Second Series, Deviation (in Law of Shipping).]

5. Shipping ⊙142—Unexplained delay of six times length of usual voyage held deviation, tolling limitations of bill of lading.

Delay of nearly six times the length of usual voyage, with no explanation thereof, held prima facie a deviation, tolling limitations in bill of lading covering lost shipment.

6. Shipping ⊙131—Invoice value of shipment held not proper measure of damages.

Invoice value of shipment, which was missing on arrival of ship at destination, held not the proper measure of damages.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Kemsley, Millbourn & Co., Limited, against the United States. Decree for libelant, and the United States appeals. Modified, and, as modified, affirmed.

Appeal by the respondent from an interlocutory decree for a reference to compute damages on a libel in personam in the admiralty.

The libelant became by assignment the owners of a bill of lading issued on the shipment of a parcel of brass nails on board the respondent's ship Morristown at Dunedin, New Zealand, consigned to New York, and at the outturn in New York the parcel was missing. The bill of lading permitting a transshipment en route, the respondent alleged that the nails had been transshipped to the steamship Canastota at Sydney, New South Wales, properly consigned to New York, and that the Canastota had never been spoken after sailing from that port. Upon the trial, nearly five years after the transshipment, the respondent amended its answer to allege a limitation clause in the bill of lading.

The libelant proved the shipment, the failure to deliver and the invoice value of the nails. The respondent offered in evidence a copy of a part of the Morristown's manifest signed by her agents at Sydney, at the bottom of which appeared an addendum in writing that the cargo had been transshipped to the Canastota. It also relied upon its answers to certain interrogatories filed by the libelant, in which it was averred that the nails had been so transshipped. These were sworn to by the respondent's proctor on information.

To meet the limitation clause, the libelant proved that the Morristown consumed eight months between Dunedin and New York, the usual length of the voyage being about six weeks. There was also hearsay evidence as to her movements which showed a wide deviation.

The District Judge held that the transshipment had not been proven, and that the libelant should recover the invoiced value of the parcel.

Charles H. Tuttle, U. S. Atty., of New York City (William E. Collins, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Bigham, Englar & Jones, of New York City (Henry N. Longley and James N. Senecal, both of New York City, of counsel), for appellee.

Before L. HAND and SWAN, Circuit Judges, and CAMPBELL, District Judge.

PER CURIAM. [1] How it can be supposed that the written addendum to the copy of the Morristown's manifest was competent proof of transshipment we do not see. It is urged that it is in the same hand as the signature of the ship's agents at Sydney. We should say not, but we cannot be called on to act as experts in handwriting. Our ruling in The Spica, 289 F. 437, is not to be taken as throwing all rules of evidence to the winds. Nobody knows under what circumstances the addendum was written, who wrote it, what connection he had with the transshipment, whether he had first hand knowledge, or, if not, whether his information was reliable. Again, no excuse is suggested for failing to produce the testimony of someone who did know. It is not to be supposed that evidence of every sort is competent in the admiralty. While the rules are not so strict as elsewhere, we do not expose litigants to proof whose verity is not vouched for by some reasonable assurance. Assuming that the ship's agents supposed the goods to have been transshipped in fact, the libelant had no means of ascertaining the sources of their belief, of checking its reliability by cross-examination, of testing it by an inquiry into how the ship's business was done, and how its records were kept. Even if these defects in the proof are not absolute, the respondent had over two and a half years to procure better evidence, and does not suggest that it was not available. The hazard of such proof is an insurmountable objection to its receipt.

[2] The interrogatories are equally incompetent. Assuming, but in no sense deciding, that they are the equivalent of discovery in equity, they were the most patent hearsay, and as such would not have been competent even in equity. Clark v. Van Riemsdyk, 9 Cranch, 153, 3 L. Ed. 688; Dutilh v. Coursault, Fed. Cas. No. 4,206; Hanchett v. Blair, 100 F. 817 (C. C. A. 9).

[3-5] We shall assume without deciding that the limitation clause in the bill of lading was valid. If so, it was a partial defense and must be pleaded; the amendment at the trial exposed the respondent to affirmative matter in reply, and under the circumstances it was not entitled to further delay. We accept the respondent's position that the testimony of Young as to the Morristown's movement was incompetent as hearsay. Nevertheless, delay, as well as departure from the usual course, may be a deviation. Oliver v. Maryland Insurance Co., 7 Cranch, 487, 3 L. Ed. 414; Columbian Ins. Co. v. Catlett, 12 Wheat. 383, 388, 6 L. Ed. 664. The delay in the case at bar, nearly six times the length of the usual voyage, being unexplained, was prima facie a deviation.

[6] However, the invoice value of the nails was not the measure of damages.

Decree modified to award full damages in accordance with the rule properly appertaining, and, as modified, affirmed.