## THE MANDU.

### In re COMPANHIA DE NAVEGACAO LLOYD BRASILEIRO.

No. 12172.

District Court, E. D. New York.

Sept. 4, 1935.

846

Purrington & McConnell, of New York City, for petitioner.

Single & Tyler, of New York City, for claimant.

CAMPBELL, District Judge.

This is a motion made by the petitioner, Companhia de Navegacao Lloyd Brasileiro, owner of the Brazilian steamship Mandu, to suppress six depositions, namely, those of Ludwig Mundt, manager of Siemens—Schuckertwerke, in Berlin, Frederick Scholz, manager of Bleichroder & Co., insurance broker, Berlin Branch, Alfred Schmidt, of Schmidt & Prosch, average adjusters, Walter Borchert, manager of loss department of the firm of William Lazarus, insurance business, August F. B. Dolitzscher, office manager Hamburg-American Line, and August A. J. Warns, office employee of the Hamburg American Line, and exhibits annexed thereto, returned to the clerk of this court from Hamburg and Berlin, Germany.

At the instance of the claimant, the Great American Insurance Company, this court, on December 20, 1934, issued two letters rogatory to the German courts, which in so far as is at present necessary for consideration read as follows:

"We, therefore, request you that, in furtherance of justice you will, by the proper and usual process of your court, cause such witness or witnesses named in the order for letters rogatory annexed hereto, to appear before you or some competent person by you for that purpose to be appointed and authorized, at a precise time by you to be fixed, and there to answer on their oaths or affirmations, to the several interrogatories hereunto annexed, and that you will cause their depositions to be committed to writing and returned to us under cover," etc.

The said Great American Insurance Company, as alleged insurer of part of the cargo of the German steamship Denderah, filed libels as subrogee and assignees of other cargo against the Mandu.

The Cia de Navegacao Lloyd Brasileiro, owner of the steamship Mandu, then petitioned for exoneration or limitation of liability, and the libelant Great American Insurance Company filed its answer and claim.

No claim or appearance has been filed by the owner of the steamship Denderah.

This litigation arose out of a collision in Santos Bay, between the Brazilian steamship Mandu and the German steamship Denderah, on July 31, 1929, resulting in the loss of the steamship Denderah and part of her cargo.

Plaintiff moves to suppress the depositions on various grounds: (1) That they were irregularly taken; (2) that one of the cross-interrogatories was not answered; (3) that the depositions were not taken in accordance with the instructions contained in the letters rogatory; (4) that the purported assignment, on which claimant apparently relies, indicates that the claims now attempted to be proved were assigned to an insurance company, now a bankrupt, for which company no trustee or receiver has appeared in this proceeding; (5) that the testimony is mostly based on hearsay; (6) that the documents annexed as exhibits are incompetent because unproved and unauthenticated; (7) that interrogatories in one case were not answered singly and seriatim, but by annexing an omnibus statement.

■ The right to interview prospective witnesses in advance of seeking the issuance of a commission or letters rogatory, in order to determine what evidence they will give, is not open to question.

Neither party should be required to call a person as their witness, without some knowledge as to the testimony that witness will give; but that is not what the libelant complains of in this instance.

■ It clearly appears by the answers to the cross-interrogatories that Alfred Schmidt, an average adjuster of Hamburg, employed by the proctors for the claimant, interviewed the witnesses, gave them copies of the interrogatories, and supervised the business of securing their answers.

The answers to the interrogatories of the witness Alfred Schmidt were prepared and written out, privately in advance, and not while the witness was before the German court and under oath, and the answers to the interrogatories of the witnesses Mundt, Scholz, Dolitzscher, and Warns, under claimant's agent Schmidt's supervision, privately in advance, and not while the witness was before the German court and under oath, and that claimant's agent Schmidt was apprised of and called the attention of the said witnesses to the necessity of giving answers to the interroga-

tories, based upon the instructions given by one of claimant's proctors.

The effect of this was that as to Schmidt and the four other witnesses, Mundt, Scholz, Dolitzscher, and Warns, the court merely adopted those earlier answers as testimony.

We thus find that all of the witnesses but Borchert appeared in court with their written statements in question and answer form, or an omnibus statement, which were adopted by the court as their testimony.

It appears from the deposition of Borchert that he admits having discussed the matter repeatedly with the said Alfred Schmidt, and that he knew Schmidt as the representative there of the attorneys of the Great American Insurance Company, and that in March, 1934, he saw Schmidt and received from him a copy of the interrogatories in English, and had conferences with Schmidt regarding them.

I am convinced that these six depositions are of no greater value than six affidavits.

The courts both in England and this country have uniformly suppressed depositions so taken. Shaw v. Lindsey, 15 Ves. Jr., 38, 33 English Reprints Reports, 798; Sayer v. Wagstaff, 5 Beav. 462, 49 English Reprints Reports, 657; Western Division of Western N. C. R. Co. v. Drew et al., Fed. Cas. No. 17,434, affirmed Florida C. R. Co. v. Schutte, 103 U. S. 118, 26 L. Ed. 327; Richardson v. Golden, Fed. Cas. No. 11,782; Dodge v. Israel, Fed. Cas. No. 3,952.

Mundt, manager of the forwarding and insurance division of Siemens-Schuckertwerke, testified that shipments in question were attended to by the oversea division of the company.

He did not testify from knowledge or memory, but his answers to the individual interrogatories were the result of these ascertainments, on the basis of the files. The thirty-one exhibits attached to his deposition are shipping and insurance papers, taken from the company's files.

Scholz, manager of the Berlin branch of the firm of Bleichroder Company, insurance brokers, said he had already sent answers to the interrogatories, with his exhibits, a year previously to the average firm of Schmidt & Prosch. He did not answer the interrogatories singly and seriatim, but referred to item 11, and there makes a long statement compiled from his office records, but made no attempt to show what he did.

He says that the assignment declaration of June 16, 1930, was forwarded by Bleichroder & Co. to the Assekuredeure Union von 1865 for transmission to the Verein Hamburger Assekuredeure (Association of Hamburg Underwriters), that the Assekuranz Union von 1865 had suspended its payments as early as September, 1930, and was in receivership.

He annexes as exhibits from his office files certain insurance and shipping papers. He speaks for his firm, not for himself.

Schmidt, an average adjuster and member of the firm of Schmidt & Prosch, testified that his firm compiled a "distribution of expenses" after having "received completely the data and papers."

Borchert, manager of the loss department of the firm of William Lazarus, insurance brokers, relates what his firm did with reference to insurance taken out by the firm of Siemens-Schuckertwerke on goods shipped by the steamship Denderah. He speaks of an open policy, which was neither described nor produced, names the companies underwriting the risk, and notes that the leading underwriter, the Assekuranz Union von 1865, Hamburg, has in the meantime become bankrupt. His exhibits are apparently proofs of loss, premium statements, declaration of shipments, etc. He also speaks for his firm and from firm records, but not for himself.

Dolitzscher, employee of the Hamburg American Line, at Hamburg, testified from the manifest and other ship's papers in his files, and he submitted the "distribution of expenses" as his Exhibit 1, and declared that the goods shipped "were in faultless condition when we took same over for shipment," but on cross-examination admitted that the goods were in cases, and that he did not know the contents.

Warns, an office employee of the Hamburg American Line at Hamburg, said that it was his duty to attend to average statements. He testified from the "distribution of expenses" and other office records, and apparently had no personal knowledge.

The so-called "distribution of expenses" is in the nature of a general average statement, and consists of a preamble describing the collision between the ships and the partial salvage of the cargo, followed by many pages of figures and calculations, all of which, according to Schmidt, whose firm

compiled it, is based on documents and statements received by them.

The statements of the witnesses in the above depositions are not based on their personal knowledge, nor on refreshed personal recollection, but are based on inter-office records to which the petitioner was not a party, and which are themselves merely hearsay. The Insurance Co. of North America v. Guardiola et al., 129 U. S. 642, 9 S. Ct. 425, 32 L. Ed. 802; Freeborn et al. v. Smith et al., 2 Wall. (69 U. S.) 160, 17 L. Ed. 922; Ambler et al. v. Bloedel Donavan Lumber Mills (C. C. A.) 68 F.(2d) 268, 270.

A witness may refresh his recollection from any documents, but it must be his own recollection. Delaney v. U. S. (C. C. A.) 77 F.(2d) 916, 917; The Nesco (D. C.) 47 F.(2d) 643, 1931 A. M. C. 657; The Caserta, 1932 A. M. C. 51.[1]

Interrogatories should be answered singly and seriatim. Greenleaf on Evidence, Vol. 3, § 324 (16th Ed.); Richardson v. Golden, Fed. Cas. No. 11,782; Ketland v. Bissett, Fed. Cas. No. 7742; Richardson on Evidence (4th Ed.) page 416.

The so-called "distribution of expenses" was expressly excluded by paragraph 3, page 2, of the order of Judge Byers, filed October 23, 1934, sustaining exceptions to interrogatories addressed to Alfred Schmidt.

Claimant did not show by such witnesses that the exhibits were made in the regular course of business, and therefore did not in any case lay the necessary foundation for the admission of such documents. The Spica (C. C. A.) 289 F. 436; Wigmore on Evidence, Vol. 2, §§ 1521–1530, and 1934 Supplement thereto; Richardson on Evidence (4th Ed.) p. 190; Kemsley Millbourn & Co., Ltd., v. U. S. (C. C. A.) 19 F.(2d) 441; Gelbin v. New York, N. H. & Hartford R. Co. (C. C. A.) 62 F.(2d) 500, 502; U. S. v. Becker (C. C. A.) 62 F.(2d) 1007, 1010.

An error was committed by the German court in permitting Dr. Naumann to appear on behalf of the petitioner, and by Dr. Naumann in so appearing, as his power of attorney filed refers to some other action filed by Companhia de Navega-cao Lloyd Brasileiro against the Hamburg-Amerika Linie (Hamburg American Line) as defendant.

The Hamburg American Line is not and never was a party to this action.

In any event, however, the mischief was done before the witnesses appeared in the Hamburg court, and Dr. Naumann did not appear on behalf of the petitioner in the Berlin court, when the prepared statements, written out beforehand, of the witnesses Mundt and Scholz were incorporated into the record as testimony, which practice has been condemned as improper. U. S. v. Pings (D. C.) 4 F. 714.

The motion was timely made, and the motion to suppress the depositions of the witnesses Ludwig Mundt, Frederick Scholz, Alfred Schmidt, Walter Borchert, August F. B. Dolitzscher, and August A. J. Warns, and all the exhibits annexed thereto is granted, and the said depositions and all the exhibits annexed thereto are suppressed.

Settle order on notice.